IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN KNUTSON, and HEATHER BENDL, | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 18-cv-1804 |
| | ) | |
| VILLAGE OF LAKEMOOR, | ) | |
| a Municipal Corporation, | ) | Jury Demanded |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Now comes Brian Knutson ("Knutson") and Heather Bendl ("Bendl") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, and complains against the Village of Lakemoor (the "Village of Lakemoor," "Village" or "Lakemoor") as follows:

### INTRODUCTION

1.     Plaintiffs bring this action against the Village of Lakemoor for issuing automated traffic law enforcement system notices in violation of the specific, express terms of the Village's own Municipal Code.  Specifically, Lakemoor enacted an ordinance providing that the Village may issue violation notices for violation of Section 11-306(c) of the Illinois Vehicle Code captured on the Village's automated traffic law enforcement system cameras (red light cameras).

2.     The language of §§ 1.01(C) and 41-1/2.01 of Lakemoor's Municipal Code provides that if a person operating a motor vehicle in Lakemoor were to enter an intersection facing a steady or flashing red light signal, there is a violation of Section 11-306(c) of the Illinois Vehicle Code, and as a result, a violation notice for the violation shall be cited as "41-1/2.11-306(c)."

1

3.     Further, § 41-1/2.14(C)(4) of Lakemoor's Municipal Code requires that specific information shall be included on each violation notice issued to the owner of a vehicle in the event that a person driving that vehicle violates § 41-1/2.11-306(c) of Lakemoor's Municipal Code, and which is recorded on an automated traffic law enforcement device. § 41-1/2.14(C)(4)(c) of the Village's Municipal Code expressly provides that the violation notice shall include: "(c) the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated."

4.     Therefore, each violation notice for violation of § 41-1/2.11-306(c) of Lakemoor's Code which is the subject of an automated traffic law enforcement system must contain: 1.) the violation charged, and 2.) specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated. § 41-1/2.14(C)(4) of the ordinance clearly specifies that such information is required in order to establish *prima facia* evidence of the violation.

5.     Notwithstanding those requirements, violation notices issued by the Village of Lakemoor (since the inception of the automated traffic law enforcement system in the year 2012) do not contain a reference to the specific section of the Lakemoor Municipal Code of Ordinances allegedly violated. The notices thus are deficient on their face, and are fatally defective.

6.     Moreover, the notices accordingly are void because the Village's Municipal Code allows persons who receive such notices to challenge the violation notices only on five specific, enumerated grounds. None of those five grounds to challenge the violation notice includes a right to challenge the violation notice on the basis that the notice does not comply with the Village's own Municipal Code. Therefore, no person receiving a fatally defective violation notice may challenge the fact that the violation notice is void in any administrative proceeding before the Village.

2

7.     The Village's automated traffic law enforcement system has generated a large number of violation notices.   Therefore, Plaintiffs bring this suit on behalf of themselves and a class of similarly situated individuals: alleging, among other things, that the Village's actions violate Plaintiffs and the Class Members' due process rights under the 14th Amendment to the United States Constitution and Section 2 of the Illinois Constitution; seeking a declaration that violation notices generated as a result of the automated traffic control system are in violation of the express terms of Lakemoor's own Municipal Code and, therefore, are void; seeking an injunction preventing the Village from collecting on and enforcing any such violations; and  recovering all fines and penalties unlawfully collected by the Village of Lakemoor related to the violation notices at issue.

## PARTIES

8.     Plaintiffs are individuals residing in Illinois.

9.     Defendant is an Illinois Municipal Corporation.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 because it seeks to redress the deprivation of constitutional rights under color of State law.  The action also seeks a declaration under 28 U.S.C. § 2201.  The Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in Lake County, Illinois which is within this District.

**FACTUAL ALLEGATIONS**
**General Requirements**

11.     The Illinois Legislature has enacted a statute allowing Illinois municipalities to enact ordinances allowing for the use of automated traffic control systems, otherwise known as "red light camera" systems.

12.     Lakemoor has enacted an ordinance that contains the express and exact requirements that Lakemoor must follow in enforcing its automated traffic law enforcement system, and which also contains the parameters for contesting automated traffic law enforcement system violation notices.     The ordinance is incorporated into Lakemoor's Municipal Code, and is titled "Automated Traffic Law Enforcement Program."

13.     The Lakemoor Municipal Code provides for a distinct system of numbering chapters and sections in its Municipal Code.  Specifically, Sections 1.01(C) and (D) of Lakemoor's Municipal Code provide as follows:

> § 1.01 LAKEMOOR MUNICIPAL CODE.
>
> *              *              *
>
>   (C)   *Numbering sections.* Each section number of this code shall consist of two component parts separated by a period, the figure before the period referring to the chapter number and the figure after the period referring to the section within the chapter.
>   (D)   *Numbering additions.* The decimal system shall be used for all additions and amendments to this code. When a chapter or section is added, the new chapter or section shall be given a decimal character.

A true and correct copy of Section 1.01 of Lakemoor's Municipal Code is attached hereto as Exhibit A.

14.     Lakemoor's Automated Traffic Law Enforcement Program is found in the Village's Municipal Code under § 41-1/2.14 *et seq.*

4

15.     The Automated Traffic Law Enforcement Program codified in § 41-1/2.14 *et seq.* of Lakemoor's Municipal Code contains four primary sections, 17 subsections and 19 sub-subsections, for a total of 42 specific sections.

16.     The Automated Traffic Law Enforcement Program is contained within Chapter 41-1/2 of Lakemoor's Municipal Code entitled "Traffic."   A true and correct copy of Chapter 41-1/2 of Lakemoor's Municipal Code is attached hereto as Exhibit B.

17.     § 41-1/2.01 of Lakemoor's Municipal Code relating to "Traffic" specifically adopts the Illinois Vehicle Code.

### Required Information

18.     § 41-1/2.01 of Lakemoor's Municipal Code expressly provides as follows:

> § 41-1/2.01 ILLINOIS VEHICLE CODE ADOPTION.
> Pursuant to ILCS Ch. 625, Act 5, § 20-204 (2001), the village hereby adopts and incorporates by reference all of the Illinois Vehicle Code ("IVC") and subsequent amendments, along with any referenced penalty provisions, as the Vehicle Code of the village. The section numbers used in the Illinois Vehicle Code shall be identical to those section numbers in the Lakemoor Vehicle Code. Therefore, an ordinance violation shall be cited as "Chapter 41-1/2", followed by the corresponding IVC section number.

(Emphasis added).

19.     Therefore, pursuant to § 41-1/2.01 of Lakemoor's Municipal Code any violation of the Illinois Vehicle Code shall be cited first using the Chapter number of the Village's Traffic Code (41-1/2), followed by the corresponding Illinois Vehicle Code section number.

20.     Section 11-306(c) of the Illinois Vehicle Code provides, *inter alia*, that it is a violation of the Illinois Vehicle Code to enter an intersection facing a steady or flashing red light signal.

21.     According to the terms of § 41-1/2.01 of Lakemoor's Municipal Code, if a person operating a motor vehicle in Lakemoor were to enter an intersection facing a steady or flashing

red light signal, in violation of Section 11-306(c) of the Illinois Vehicle Code, a violation notice

for that violation shall be cited as "41-1/2.11-306(c)."

22.     Despite mandating precisely how a violation of the Vehicle Code must be referenced on

a violation notice, Lakemoor's Municipal Code fails to contain a section that corresponds to and

recites the provisions of the Illinois Vehicle Code which are incorporated into Lakemoor's Code.

There is, therefore, no section in the Village's Municipal Code that is labelled as "§ 41-1/2.11-

306(c)," which is the specific section of the Village's Municipal Code that must be referenced on

an automated traffic law enforcement violation notice.

23.     § 41-1/2.14(C)(4) of Lakemoor's Municipal Code mandates that specific information

shall be included on each violation notice issued to the owner of a vehicle in the event that a

person driving that vehicle violates § 41-1/2.11-306(c) of Lakemoor's Municipal Code, and

which is recorded on an automated traffic law enforcement camera.   § 41-1/2.14(C)(4) of

Lakemoor's Municipal Code provides, in relevant part:

> Each notice of violation, which shall constitute evidence of the facts contained in
> the notice and is admissible in any proceeding alleging a violation of the above-
> noted statutory and local provisions and shall establish prima facie evidence of a
> violation, subject to rebuttal on the basis of the defenses established in division
> (6), shall include the following:
>     (a)   The name and address of the registered owner or lessee of the vehicle,
> as indicated by the records of the Secretary of State, or, if such information is
> outdated or unattainable, then the last known address recorded in a United States
> Post Office approved database;
>     (b)   The registration number of the motor vehicle involved in the violation;
>     (c)   The violation charged, with specific reference to that section of the
> Village of Lakemoor Municipal Code of Ordinances allegedly violated;
>     (d)   The location where the violation occurred;
>     (e)   The date and time of the violation;
>     (f)   A copy of the recorded images;
>     (g)   The amount of the civil penalty imposed and the date by which the civil
> penalty should be paid if liability for the violation is not going to be contested;
>     (h)   A statement that the recorded images are evidence of a violation of a
> red light signal;

(i) A warning that failure to either pay the civil penalty or to contest liability within 30 days of the mailing of the notice of violation in writing or by attending the administrative hearing is an admission of liability and may result in a suspension of the driving privileges of the registered owner or lessee of the vehicle in addition to the specified penalties for failing to appear at the hearing or pay the fine in advance of the hearing;

(j) The date, time and place of the administrative hearing at which the charge may be contested on its merits, a date that shall be no less than 15 days from the mailing or other service of the first notice of violation;

(k) A statement that payment of the indicated fine and of any applicable penalty for late payment shall constitute a final disposition of the violation; and

(l) The signature of the party reviewing the recorded images and confirming that a violation took place.

(Emphasis added)

24.     Therefore, § 41-1/2.14(C)(4)(c) of the Village's Municipal Code expressly provides that the violation notice "shall include": "(c) the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated."

25.     Accordingly, each violation notice for a violation of § 41-1/2.11-306(c) of Lakemoor's Municipal Code which is the subject of an automated traffic law enforcement system must contain: 1.) the violation charged, and 2.) specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated.

26.     The use of the term "shall include" in § 41-1/2(C)(4) of Lakemoor's Municipal Code means that it is mandatory for a violation notice to contain certain information.  Defining  the term "shall include" as mandatory ensures that the rights under § 41-1/2(C)(4), for example, proper notice of the alleged violation, the right to understand the charges and the right to prepare a defense, are protected, not circumvented and not eliminated, as they possibly could be under a mere discretionary reading.

27.     Thus, Lakemoor is not permitted to omit from its violation notices any of the provisions of § 41-1/2(C)(4), such as the name and address of the person or the location where the violation occurred. To do so would be injurious to those persons receiving violation notices, and is

7

contrary to the intent of Section § 41-1/2(C)(4) which contains the mandatory requirements for issuing violation notices.

**Allegations Related to Plaintiffs**

28.     The Village is issuing violation notices for violating § 41-1/2.11-306(c) of the Municipal Code through its automated traffic law enforcement system.  Therefore, any such violation notice must state that the violation notice is issued for entering an intersection facing either a steady or flashing red light signal, and the violation notice also must  contain a specific reference to that section of the Municipal Code violated, in particular "§ 41-1/2.11-306(c)."

29.     The Village operates an automated traffic control system camera on the corners of State Routes 120 and 12 in Lakemoor. That intersection is located in Lake County, Illinois.

30.     Lakemoor's automated traffic control system camera captures images of vehicles traveling East and West on Route 120, and North on Route 12.

31.     A true and correct copy of the violation notice issued to the Plaintiff, Knutson, redacted to remove personal information, is attached hereto as Exhibit C.  All violation notices issued by Lakemoor from the start of its automated traffic law enforcement system in the year 2012 to the present contain the same or similar information.

32.     The violation notices issued by the Village of Lakemoor, through its automated traffic law enforcement system for violations of § 41-1/2.11-306(c) of the Village's Municipal Code, do not comply with § 41-1/2(C)(4)(c) of Lakemoor's Municipal Code.  Each violation notice issued by the Village under the heading "Code Violation and Description" states, in totality, as follows: "12-O-03."

33.     The reference to "12-O-03" presumably is a reference to the general ordinance that includes all of the 42 sections of § 41-1/2.14 *et seq.* of the Lakemoor Municipal Code.

34.     A reference to "12-O-03" is not a reference to a specific section of the Municipal Code allegedly violated, as required in § 1.01, § 41-1/2.01, and § 41-1/2(C)(4)(c) of Lakemoor's Municipal Code.

35.     As such, the violation notices issued by the Village of Lakemoor do not comply with its Municipal Code, which specifically mandates that the violation notice include "specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated."

36.     Instead, the violation notices contain only a general reference to an apparent ordinance that contains <u>42 sections.</u>  The reference to "12-O-03 is not a reference to a specific section of Lakemoor's Municipal Code as that section is expressly required to be referenced, for example, by expressly referencing § 41-1/2.11-306(c).

37.     The Village's failure to comply with the specific, express terms of its Municipal Code in issuing automated traffic law enforcement system violation notices renders the violation notices void, invalid and unenforceable.

38.     The automated traffic control system violation notices are void, invalid and unenforceable because the persons receiving the fatally defective violation notices have no means to challenge the fact that the violation notices do not comply with the express terms of the § 41-1/2(C)(4) of Lakemoor's Municipal Code.

39.     Specifically, § 41-1/2/2.14(C)(6) of the Code provides that a person receiving a violation notice for violating § 41-1/2.11-306(c) of the Code, issued by an automated traffic law enforcement system, may raise **only** certain enumerated defenses to contest the violation notice. § 41-1/2/2.14(C)(6) of Lakemoor's Municipal Code states as follows:

   (6)  *Defenses.* The following are the **only** defenses available for an alleged violator contesting his or her liability for a violation, which shall be weighed by the Hearing Officer and shall only rebut the prima facie case established by the

notice of liability insofar as one or more of the following defenses are established by a preponderance of the evidence:

(a)   The motor vehicle or registration plates were stolen before the violation occurred and were not under the control of or in the possession of the owner at the time of the violation, which may be demonstrated through the submission of a certified copy of a report concerning the stolen motor vehicle or registration plates was filed with a law enforcement agency in a timely manner;

(b)   The driver of the vehicle passed through the intersection in spite of a red light either to yield the right-of-way to an emergency vehicle or as part of a funeral procession; and

(c)   The license plate number or other source of identification of the vehicle cannot be determined;

(d)   The operator of the vehicle received a Uniform Traffic violation notice from a police officer at the time of the violation for the same incident as captured by the automated traffic law enforcement system and either paid such violation notice or successfully contested said violation notice; and

(e)   The vehicle was leased to another and within 60 calendar days after the violation notice was mailed to lessor, lessor submitted to the municipality the correct name and address of the lessee of the vehicle identified in this notice of violation at the time of the alleged violation, together with a copy of the lease agreement, the lessee's driver's license number and any additional information that may be needed.

(Emphasis added)

40.   Those limited grounds for contesting a violation notice are published on the reverse side of each violation notice.  *See*, Exhibit C hereto.

41.   Thus, persons receiving the void Village of Lakemoor violation notices issued by an automated traffic law enforcement system are denied access to administrative review to adjudicate whether the violation notices are in compliance with Lakemoor's Municipal Code and whether the violation notices are void.

## A Punitive System

42.   The fine associated with Lakemoor's automated traffic law enforcement violation notices are $100 per violation notice, with a late-payment penalty of an additional $100.

43.     Lakemoor's automated traffic law enforcement system cameras generate significant revenue for the Village. It is estimated that the Village has collected in excess of $8 million in revenue from the Village's automated traffic law enforcement system since its inception.

44.     Lakemoor's automated traffic law enforcement system generates approximately 50 violation notices per day.    That approximate amount of violation notices is verified by a sampling of violation notice that Plaintiffs' attorneys received directly from the Village pursuant to a FOIA request.    A sampling of violation notices issued by the automated traffic control system camera shows that between January 11, 2017 and July 3, 2017, the Village issued 8,178 violation notices.    A true and correct copy of a printout of automated traffic control system camera issued between those dates and obtained by Plaintiffs' counsel from the Village is attached as Exhibit D.

45.     Thus, the number of violation notices generated by the automated traffic law enforcement system through the present date is estimated to be excess of 109,500 violation notices.

46.     Plaintiffs were issued violation notices generated by the automated traffic law enforcement system camera.    Plaintiffs paid the fine for the violation notice issued by the Village, and generated by the Village's automated traffic law enforcement system.

47.     Plaintiff, Knutson, was not aware when he paid the violation notice that the Village was issuing violation notices that do not comply with the terms of § 41-1/2(C)(4)(b) of Lakemoor's Municipal Code and are therefore void.

48.     Plaintiff, Knutson, was not aware when he paid the violation notice that Lakemoor has no authority to issue a violation notice that does not comply with § 41-1/2(C)(4)(b), and that violation notices generated as a result of the operation of the automated traffic law enforcement system camera are void, invalid and unenforceable.

49.     If the Plaintiff, Knutson, had known that Lakemoor has no authority to issue the fatally defective violation notice generated by the automated traffic law enforcement system and that the violation notice is therefore void, invalid and unenforceable, Knutson would have challenged the violation notice or would not have paid the illegal violation notice.

50.     Plaintiff, Bendl (formerly known as Heather Serlick) involuntarily paid the violation notices, plus penalty, when amount of the violation notices and penalty were withdrawn from her State of Illinois tax refund. If Bendl had known that Lakemoor has no authority to issue the fatally defective violation notice generated by the automated traffic law enforcement system and that the violation notice is therefore void, invalid and unenforceable, Bendl would have challenged the violation notices.

51.     Lakemoor's automated traffic control system camera violation notices are coercive and are paid under duress.  Lakemoor's Municipal Code provides that the Village may pursue all available remedies allowed by law to collect fines and the payment of penalties owed to the Village. Village of Lakemoor Code § 41-1/2.14(C)(15).  A person who does not pay any fines and/or penalties for a violation notice faces the additional costs of attorney's fees and court costs incurred in collecting the fines and penalties. Village of Lakemoor Code § 45.01.

52.     Moreover, § 41-1/2.14(C)(16) of Lakemoor's Code provides that the Village may make a certified report to the Secretary of State whenever a registered owner of a vehicle has failed to pay any fine or penalty due and owing as a result of five or more unpaid automated traffic law violations, at which time the owner of the vehicle's driver's license will be suspended.

53.     The Illinois Vehicle Code provides that the Illinois Secretary of State shall suspend the driving privileges of any person or vehicle owner who has failed to pay any fine or penalty due and owing as a result of a combination of five offenses for automated speed or traffic law

12

enforcement system violations. Further, a person driving on a suspended license is subject to their vehicle being impounded.

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs brings this action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of a class of similarly situated individuals defines as follows:

> All individuals or entities to whom the Village of Lakemoor issued an automated traffic law enforcement system violation notice and who paid that violation notice (the "Class").

55.     Plaintiffs are members of the Class, and the members of the Class are so numerous that joinder of all members is impracticable.  Based on counsel's investigation, the Class comprises potentially over 100,000 members. The exact number of persons in the Class can be determined from records maintained by the Village of Lakemoor.

56.     Common questions of law and fact exist as to the Class, including but not limited to:

    a.     whether § 41-1/2.14(C)(4)(c) of Lakemoor's Municipal Code requires that a notice of violation for violating § 41-1/2.11-306(c) of the Village's Municipal Code shall include: "the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated";

    b.     whether violation notices issued by Lakemoor using its automated traffic law enforcement system contain: "the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated";

    c.     whether § 41-1/2.14(6) of the Village's Municipal Code contains the exclusive bases for challenging a violation notice issued by Lakemoor using its automated traffic enforcement system;

      d.      whether violation notices issued by Lakemoor using its automated traffic enforcement system are void;

      e.      whether the Village's actions of requiring the payment of fines and penalties while refusing to allow an administrative hearing on the issue of whether the violation notices comply with Lakemoor's Municipal Code constitutes a violation of due process;

      f.      whether the Plaintiffs and the Class are entitled to a declaration that the Village's practice of issuing violation notices that do not comply with the requirements of § 41-1/2.14(C)(4) are void, invalid and unenforceable;

      g.      whether the Plaintiffs and the Class are entitled to an injunction preventing the Village from collecting or otherwise enforcing violation notices generated using the Lakemoor's automated traffic enforcement system;

      h.      whether the Village's practice of issuing void violation notices generated using Lakemoor's automated traffic law enforcement system resulted in the Village unjustly retaining a benefit to the detriment of Plaintiffs and the Class; and

      i.      whether Lakemoor's retention of this benefit violates fundamental principles of justice, equity and good conscience.

57. These common questions predominate questions, if any, affecting solely individual class members.

58. Plaintiffs will fairly and adequately protect the interest of the members of the Class. Plaintiffs have retained competent, experienced counsel in litigation and in class action litigation, and who have performed extensive due diligence in bringing this suit. Plaintiffs have no interest

adverse to any member of the Class. Plaintiffs intend to prosecute this case vigorously on behalf of themselves and on behalf of the Class.

59.     A class action is an appropriate method for the fair and efficient adjudication of this controversy pursuant to Fed. R. Civ. P 23(b)(3), because it involves a uniform course of conduct equally applicable to Plaintiffs and all class members. Class members have little or no interest in individually controlling the prosecution of separate claims because it is not individually feasible to bring individual actions based on the relatively small amount of money at issue - $100 to $200 per violation notice. A class action therefore is the best method to secure the economies of time, effort and expense, and to accomplish the ends of equity and justice that this action seeks to obtain.

**COUNT I**
**Violation of Due Process Under 14th Amendment**

60.     Plaintiffs reallege the allegations contained in paragraphs 1 to 59, as if fully set forth herein.

61.     The Village of Lakemoor's actions as alleged herein violate the Plaintiffs and the Class members' due process rights, as found in the 14th Amendment of the United States Constitution.

62.     The fundamental requirements of due process are notice and an opportunity to be heard in a meaningful manner.

63.     As alleged herein, the violation notices fail to conform to the requirements for violation notices as contained in § 41-1/2.14(C)(4)(c) of Lakemoor's Code. Therefore, the Village has no authority to issue the fatally defective violation notices, and the Village has no authority to collect any fines and penalties on the violation notices.

64.     § 41-1/2/2.14(C)(6) of the Village's Code then expressly prohibits persons who receive violation notices from obtaining any administrative hearing whatsoever to adjudicate whether the

violation notices conform to the required terms of the Village's Municipal Code, specifically, § 41-1/2.14(C)(4)(c) of Lakemoor's Code.

65.     No person can even challenge whether the violation notices are void, on the basis that the Village exceeded its authority in issuing the violation notices and that the violation notices are not in compliance with § 41-1/2.14(C)(4)(c), because § 41-1/2/2.14(C)(6) of the Code expressly prohibits such a challenge.

66.     Therefore, neither the Plaintiffs nor any person who received a violation notice even has had access to an administrative hearing to challenge the validity of the violation notices or the Village's authority to issue a violation notice that does not comply with its enabling ordinance.

67.     Therefore, Plaintiffs and the members of the Class have been deprived of their property, that is, fines and penalties paid to Lakemoor for the void tickets, without due process.

68.     Plaintiffs, and the Class bring this action under Section 42 U.S.C. § 1983 for depravation of due process under color of state law.

## COUNT II
### Violation of Due Process Under the Illinois Constitution

69.     Plaintiffs reallege the allegations contained in paragraphs 1 to 59, as if fully set forth herein.

70.     Section 2 of the Illinois Constitution states:

> DUE PROCESS AND EQUAL PROTECTION
> No person shall be deprived of life, liberty or property without due process of law
> nor be denied the equal protection of the laws.

71.     The Village of Lakemoor's actions as alleged herein violate the Plaintiffs and the Class members' due process rights, as found in Section 2 of the Illinois Constitution.

72.     The fundamental requirements of due process are notice, and an opportunity to be heard in a meaningful manner.

73.     As alleged above, the violation notices fail to conform to the requirements for violation notices as contained in § 41-1/2.14(C)(4)(c) of Lakemoor's Code. Therefore, the Village has no authority to issue the void and fatally defective violation notices.

74.     § 41-1/2/2.14(C)(6) of the Village's Code then expressly prohibits persons who receive violation notices from obtaining any administrative hearing whatsoever to adjudicate whether the violation notices conform to the required terms of the Village's Municipal Code, specifically, § 41-1/2.14(C)(4)(c) of Lakemoor's Code.

75.     No person can even challenge whether the violation notices are void on the basis that the Village exceeded its authority in issuing the violation notices and that the violation notices are not in compliance with § 41-1/2.14(C)(4)(b), because § 41-1/2/2.14(C)(6) of the Code expressly prohibits such a challenge.

76.     Therefore, neither the Plaintiffs nor any person who received a violation notice even has had access to an administrative hearing to challenge the validity of the violation notices or the Village's authority to issue a violation notice that does not comply with its enabling ordinance.

77.     Therefore, Plaintiffs and the members of the Class have been deprived of their property, that is, fines and penalties paid to Lakemoor for the void tickets, without due process.

78.     The Village's actions as alleged herein accordingly constitute a violation of Plaintiffs and the Class members' due process rights, as provided in Section 2 of the Illinois Constitution.

## **COUNT III**
### **Declaratory Judgment and Injunction**

79.     Plaintiffs reallege the allegations contained in paragraphs 1 to 59, as if fully set forth herein.

80.     The violation notices issued by Lakemoor, since the inception of its automated traffic law enforcement system's implementation, violate § 41-1/2.14(C)(4)(c) of Lakemoor's Municipal

Code in that the violation notices fail to contain "(c) the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated."

81.     The automated traffic control system violation notices are void, invalid and unenforceable because the persons receiving the fatally defective violation notices have no means to challenge the fact that the violation notices do not comply with the express terms of the § 41-1/2(C)(4)(b) of Lakemoor's Municipal Code.

82.     Specifically, 41-1/2/2.14(C)(6) of Lakemoor's Code prohibits a person or entity receiving a violation notice generated using Lakemoor's automated traffic law enforcement system from contesting the violation notice on the grounds that the violation notice does not comply with the express requirements contained in § 41-1/2.14(C)(4).

83.     Pursuant to 28 USC § 2201, this Court may "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

84.     Plaintiffs seeks a judgment declaring that the Village's practice of issuing violation notices generated by Lakemoor's automated traffic law enforcement law system are void, invalid and unenforceable.

85.     Plaintiffs have personal claims which are capable of being affected, and are entitled to a declaration for the relief requested herein. The case alleged herein presents an actual and justiciable controversy that requires an immediate and definitive determination of the parties' rights.

86.     Plaintiffs possess a clearly ascertainable right to be free from the actions set forth above and is in need of protection. As alleged herein, Plaintiffs have raised a fair question regarding the existence of this right.

87.     As alleged herein, Plaintiffs have a high likelihood of success on the merits by demonstrating that the Village's practice of issuing automated traffic law enforcement violation notices that do not comply with the requirement for the violation notices violates Lakemoor's own Municipal Code and violates Lakemoor's authority.

88.     Plaintiffs and the Class members will suffer irreparable harm if an injunction is not granted.  The City's unauthorized practice of collecting fines and penalties, plus attorney's fees and costs, and the threat of vehicle seizure and driver's license revocation, has caused and is causing substantial, immediate and continuing damage to the Plaintiffs and the Class members. As a result, for example, Plaintiffs and the Class members may suffer irreversible damage to their credit from threatened collection actions by Lakemoor and the possible reporting of non-payment to credit agencies, be subject to vehicle seizure and/or driver's license revocation, and suffer other harm and inconvenience as a result of Lakemoor's unauthorized practice. There is no adequate remedy at law available to the Plaintiffs and the Class members to protect them against such harm.

## COUNT IV
### Unjust Enrichment

89.     Plaintiffs reallege the allegations contained in paragraphs 1 to 59, as if fully set forth herein.

90.     The Village has demanded and received fines and penalties from Plaintiffs and other Class members for alleged automated traffic law enforcement system is in violation of § 41-1/2.14(C)(4) of Lakemoor's Municipal Code.

91.     As a direct result of Lakemoor's actions as alleged herein, the Village has collected fines and penalties from Plaintiffs and the Class members to which it was not entitled.  The Village knowingly accepted this benefit, which resulted and continues to result in an inequity to Plaintiffs and the Class members.

92.     Lakemoor has unjustly received and retained a benefit belonging to Plaintiffs and the Class members, who have therefore suffered a commensurate detriment constituting money damages.

93.     Lakemoor's retention of this benefit violates fundamental principles of justice, equity and good conscious.

WHEREFORE, the Plaintiffs requests the following relief:

A.      Award Plaintiffs and the Class members' damages in an amount to be determined, including pre-judgment interest and post judgment interest;

B.      Grant an award of reasonable attorney's fees, disbursements, and all costs incurred related to or arising out of this lawsuit from the common fund and/or 42 U.S.C. § 1988;

C.      Declare that the Village of Lakemoor's practice of issuing violation notices generated through the use of the Village's automated traffic law enforcement system is in violation of § 41-1/2.14(C)(4) of Lakemoor's Municipal Code and accordingly all such violation notices are void, invalid and unenforceable;

D.      Grant a preliminary and permanent injunction prohibiting and enjoining the City from collecting on or otherwise enforcing the violation notices that do not comply with § 41-1/2.14(C)(4) of Lakemoor's Municipal Code; and

E.      Grant such other and further relief as this Court deems just.

**JURY DEMAND**

Plaintiffs demands trial by jury.

Respectfully submitted,

/Mark D. Roth/
Mark D. Roth
Roth, Fioretti, LLC
Attorneys for Plaintiffs and the Class

Mark Roth
Robert Fioretti
Kenneth Hurst
Roth Fioretti, LLC
311 S. Wacker Drive
Suite 2470
Chicago, IL 60606
Phone: (312) 922-6262
Fax: (312) 922-7747
Email: mark@rothfioretti.com
Email: rwfchicago@yahoo.com
Email: ken@rothfioretti.com

J. Eccleston
Stephany D. McLaughlin
Roman Sankovych
Eccleston Law, LLC
55 W. Monroe Street
Suite 610
Chicago, IL 60603
Phone: 312-332-0000
Fax: 312-332-0003
Email: jeccleston@ecclestonlaw.com
Email: smclaughlin@ecclestonlaw.com
Email: rsankovych@ecclestonlaw.com