IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN KNUTSON, and HEATHER BENDL, | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 18-cv-1804 |
| | ) | |
| VILLAGE OF LAKEMOOR, | ) | |
| a Municipal Corporation, | ) | Jury Demanded |
| Defendant. | ) | |

**PLAINTIFFS' PRELIMINARY MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES**

Now comes Brian Knutson and Heather Bendl ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys and for Plaintiff's Preliminary Motion for Class Certification and Request for Discovery on Certification Issues, states:

**STATEMENT OF FACTS**

Plaintiffs bring this action against the Village of Lakemoor ("Lakemoor" or the "Village") for issuing automated traffic law enforcement system notices in violation of the specific, express terms of the Village's own Municipal Code.

Specifically, Lakemoor enacted an ordinance providing that the Village may issue violation notices for violation of Section 11-306(c) of the Illinois Vehicle Code captured on the Village's automated traffic law enforcement system cameras (red light cameras). The language of §§ 1.01(C) and 41-1/2.01 of Lakemoor's Municipal Code provides that if a person operating a motor vehicle in Lakemoor were to enter an intersection facing a steady or flashing red light

1

signal, there is a violation of Section 11-306(c) of the Illinois Vehicle Code, and as a result, a violation notice for the violation shall be cited as "41-1/2.11-306(c)."

Further, § 41-1/2.14(C)(4) of Lakemoor's Municipal Code requires that specific information shall be included on each violation notice issued to the owner of a vehicle in the event that a person driving that vehicle violates § 41-1/2.11-306(c) of Lakemoor's Municipal Code, and which is recorded on an automated traffic law enforcement device. § 41-1/2.14(C)(4)(c) of the Village's Municipal Code expressly provides that the violation notice shall include: "(c) the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated."

Therefore, each violation notice for violation of § 41-1/2.11-306(c) of Lakemoor's Code which is the subject of an automated traffic law enforcement system must contain: 1.) the violation charged, and 2.) specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated. § 41-1/2.14(C)(4) of the ordinance clearly specifies that such information is required in order to establish *prima facia* evidence of the violation.

Notwithstanding those requirements, violation notices issued by the Village of Lakemoor (since the inception of the automated traffic law enforcement system in the year 2012) do not contain a reference to the specific section of the Lakemoor Municipal Code of Ordinances allegedly violated. The notices thus are deficient on their face, and are fatally defective.

Moreover, the notices accordingly are void because the Village's Municipal Code allows persons who receive such notices to challenge the violation notices only on five specific, enumerated grounds. None of those five grounds to challenge the violation notice includes a right to challenge the violation notice on the basis that the notice does not comply with the Village's own Municipal Code. Therefore, no person receiving a fatally defective violation

notice may challenge the fact that the violation notice is void in any administrative proceeding before the Village.

The Village's automated traffic law enforcement system has generated a large number of violation notices. Therefore, Plaintiffs bring this suit on behalf of themselves and a class of similarly situated individuals alleging, among other things, that the Village's actions violate Plaintiffs and the Class Members' due process rights under the 14th Amendment to the United States Constitution and Section 2 of the Illinois Constitution; seeking a declaration that violation notices generated as a result of the automated traffic control system are in violation of the express terms of Lakemoor's own Municipal Code and, therefore, are void; seeking an injunction preventing the Village from collecting on and enforcing any such violations; and recovering all fines and penalties unlawfully collected by the Village of Lakemoor related to the violation notices at issue.

## PLAINTIFFS PROPOSED CLASS

Plaintiffs, Brian Knutson and Heather Bendl, who both received notices of violation of Lakemoor's automated traffic enforcement system, and paid those violation notices, seek to certify the following class:

> All individuals or entities to whom the Village of Lakemoor issued an automated traffic law enforcement system violation notice and who paid that violation notice (the "Class").

## PLAINTIFFS REQUEST THIS MOTION BE ENTERED AND CONTINUED TO ALLOW CLASS DISCOVERY IN ORDER TO PROTECT PLAINTIFFS AND THE PROPOSED CLASS' CLAIMS, AND TO FILE A SUPPORTING MEMORANDUM

Under Article III requirements, "'cases' and 'controversies' limitation requires that 'an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,'[] but a case does not become moot as "long as the parties have a concrete interest,

however small,' in the litigation's outcome." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 665, 193 L. Ed. 2d 571 (2016), *as revised* (Feb. 9, 2016). In the context of mootness of class actions, unaccepted offers to settle do not moot a complaint. *Id*.

In order to prevent the Defendant from attempting to "pick off" Plaintiffs' claims (and by extension the proposed Class' claims), Plaintiffs request that the Court enter and continue this Preliminary Motion for Class Certification so that the parties may conduct appropriate discovery and so Plaintiffs may supplement this Motion for Class Certification with additional, particular evidence and a supporting Memorandum of Law.

## ARGUMENT

Rule 23 of the Federal Rules of Civil Procedure sets forth the elements necessary for the maintenance of a class action. Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Rule 23(b) defines types of class actions and specific requirements regarding each type. In particular, Rule 23(b) states:

> A class action may be maintained . . . if:
> (1) prosecuting separate actions by or against individual class members would create a risk of:
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or

would substantially impair or impede their ability to protect their
interests;
(2) the party opposing the class has acted or refused to act on
grounds that apply generally to the class, so that final injunctive
relief or corresponding declaratory relief is appropriate respecting
the class as a whole; or
(3) the court finds that the questions of law or fact common to
class members predominate over any questions affecting only
individual members, and that a class action is superior to other
available methods for fairly and efficiently adjudicating the
controversy. The matters pertinent to these findings include:
(A) the class members' interests in individually controlling the
prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the
controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation
of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

A court will allow class certification "if the party seeking certification meets all the
requirements of Rule 23(a) and the requirements of Rule 23(b)(1), (2), or (3)." *Kolinek v.
Walgreen Co.*, 311 F.R.D. 483, 490 (N.D. Ill. 2015) (citing *Oshana v. Coca–Cola Co.*, 472 F.3d
506, 513 (7th Cir. 2006)).

The following sections provide an initial overview of the applicability of these elements
to the present action.

**A.      Numerosity.**

Rule 23(a)(1) mandates that a proposed class must be so numerous "that joinder of all
members is impracticable." Fed.R.Civ.P. 23(a)(1). In evaluating this requirements, courts are
"not limited to considering merely the number of potential class members, but may make
common-sense assumptions that support a finding of numerosity." *Gaspar v. Linvatec Corp.*, 167
F.R.D. 51, 56–57 (N.D. Ill. 1996) (citing *Patrykus v. Gomilla,* 121 F.R.D. 357, 360–61
(N.D.Ill.1988)). Judicial economy and the ability of members to bring individual suits are among

the factors courts consider when they review the numerosity requirement. *Id*. Moreover, courts have to take into account "the individual circumstances of a case," making it possible for "[a] relatively small group [to] form a class if other considerations make joinder impracticable." *Id*. Therefore, courts certified classes with 13, 20, and 18 members of class. *Id*. (citing *Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D.Ill.1983) and *Dale Electronics v. R.C.L. Electronics, Inc.*, 53 F.R.D. 531, 534 (D.N.H.1971)). Typically, however, numerosity is satisfied "where there are at least forty members of a putative class." *Kolinek*, 311 F.R.D. at 491 (citing *Pruitt v. City of Chicago*, 472 F.3d 925, 926–27 (7th Cir.2006)).

The proposed classes in the instant case meet the numerosity requirement. Specifically, as set forth in Plaintiff's Complaint, Lakemoor's automated traffic law enforcement system cameras that were installed pursuant to the Lakemoor Municipal Code and operated under the unconstitutional principles of that rule issued 8,178 violation notices between January 11, 2017 and July 3, 2017 alone. The number of these notices from inception of the system to the present day is estimated to exceed 109,500.

These violation notices generated significant revenues for the Village. It is estimated that the Village has collected in excess of $8 million in revenue from the Village's automated traffic law enforcement system since its inception.

Based on these numbers, the numerosity requirement is satisfied.

**B.    Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." To satisfy this requirement, the plaintiff must "demonstrate that the class members have suffered the same injury." <u>Kolinek</u>, 311 F.R.D. 483, 491 (N.D. Ill. 2015) (citing *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 (2011)) (internal quotations and citations omitted). Class members' claims "must depend on a common contention that must be of such a nature that it is capable of

class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* To satisfy this requirement, a plaintiff who brings a class action "must show that at least one question of law or fact common to the class exists." *Gaspar*, 167 F.R.D. 51, 57 (N.D. Ill. 1996) (citing *Patrykus,* 121 F.R.D. at 361; *Gomez v. Illinois State Board of Educ.,* 117 F.R.D. 394, 399 (N.D.Ill.1987)). Existence of factual differences in named plaintiff's and class members' claims is not fatal to class action because "a common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Id.* (citing *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 185 (N.D.Ill.1992) (internal quotations and citations omitted). The commonality requirement is, therefore, "a low hurdle easily surmounted." *Id.*

In this case, both the named Plaintiffs and the class suffered a common injury in the form of governmental taking of the property without due process. As alleged in the complaint, the automated camera system generates approximately 50 violation notices per day. The plaintiff and the class members did not know that these notices were issued without proper authority. The notices were coercive and were paid under duress without the ability for the plaintiff to properly dispute their validity. Because all of the class members suffered the same injury as the plaintiff, the commonality requirement is also satisfied.

## C.    Typicality

Rule 23(a)(3) demands that "claims or defenses of the representative parties are typical of the claims or defenses of the class." The claims are typical if they "have the same essential characteristics as the claims of the other class members." *Gaspar*, 167 F.R.D. at 57 (citing *Patrykus,* 121 F.R.D. at 361–62) (internal quotations omitted). This means, that, similarly to commonality requirement, typicality is satisfied when "a plaintiff's claim arises from the same

Case: 1:18-cv-01804 Document #: 10 Filed: 03/14/18 Page 8 of 15 PageID #:242

event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Kolinek*, 311 F.R.D. at 491 (citing *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983)) (internal quotations omitted). This requirement "may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact." *De La Fuente*, 713 F.2d at 232. Therefore, when evaluating the issue of typicality, courts consider "the defendant's conduct and the plaintiff's legal theory." *Gaspar*, 167 F.R.D. at 57 (citing *Scholes,* 143 F.R.D. at 185). Finally, "[t]ypical does not mean identical, and the typicality requirement is liberally construed." *Id.* (citing *Hochschuler v. G.D. Searle & Co.,* 82 F.R.D. 339, 344 (N.D.Ill.1978)).

In this case all claims have "same essential characteristics as the claims of the other class members" as they are all based on the application of the Village of Lakemoor's automated traffic control ordinance. Also all claims "arise[] from the same event" – the red light camera violation notice – and all claims are based on the same legal theories – violation of due process and unjust enrichment. Therefore, the typicality requirement is also met.

**D.    Adequacy**

Rule 23 (a)(4) also requires that "the representative parties will fairly and adequately protect the interests of the class." This inquiry involves two separate considerations: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests" and "(2) the adequacy of the proposed class counsel." *Nistra v. Reliance Tr. Co.*, No. 16 C 4773, 2018 WL 835341, at *3 (N.D. Ill. Feb. 13, 2018) (citing *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011)). As to the first element, "[a] proposed class representative is inadequate if her interests are antagonistic or

8

conflicting with those of the absent class members . . . or if she is subject to a defense inapplicable to the class as a whole." *Id.* (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) and *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011) (internal quotations and citations omitted). Similarly where a named plaintiff's claim is "idiosyncratic or possibly unique," he is not suitable to represent a class. *Id.* (citing *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 758 (7th Cir. 2014)). As to the inquiry into the adequacy of the proposed counsel, the courts in this Circuit utilize the standard articulated in *Culver v. City of Milwaukee,* 277 F.3d 908 (7th Cir.2002) stating that only "[m]isconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification." *Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489, 495 (7th Cir. 2013).

In this case, the Plaintiffs received violation notices generated by the red light cameras in the Village of Lakemoor, and those notices have been paid. Their interests in injunctive relief in prohibiting the enforcement of the Municipal Code and the fines indicated on the violation notices and reimbursement of amount paid resulting from the unconstitutional and illegal red light camera notices is the same as all of the other class members. The Plaintiffs interests and the class members' interests are directly aligned.

The attorneys for the Plaintiffs and the Class are also experienced and well qualified to handle the litigation. As an initial matter, the attorneys performed extensive due diligence related to the issues in this case. In fact, the attorneys and their staff conducted laborious research on the issues surrounding the adoption of the Municipal Code's provisions at issue and the operation of the camera, including obtaining a sampling of violation notices and obtaining documents directly from the Village pursuant to a FOIA request.

The attorneys have a combined over 100 years' experience in litigation, including litigating class action lawsuits. This experience includes litigating to verdict multi-million dollar cases in both Federal and State Court. In addition, the attorneys are counsel in similar litigation, such as litigation involving the Village of Crestwood's operation of a red light camera and the City of Chicago's operation of a speed camera.

**E.      Ascertainability**

Although not explicitly stated anywhere in Rule 23(a), "courts have consistently evaluated a fifth, implied requirement: that the membership of the class be sufficiently definite or ascertainable. "*Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 245 (N.D. Ill. 2014) (citing *Jamie S. v. Milwaukee Pub. Sch.,* 668 F.3d 481, 493 (7th Cir.2012) ("[A] class must be sufficiently definite that its members are ascertainable.")). The court in this district pointed out that "a court need not ascertain absent class members' actual identities . . . before a class can be certified[;] . . .[instead] [i]t is enough that the class be ascertain*able,* with class members to be identified during a claims administration process if the class prevails." *Id.* (citing *Boundas v. Abercrombie & Fitch Stores, Inc.,* 280 F.R.D. 408, 417 (N.D.Ill.2012) (internal quotations and citations omitted) (emphasis in the original). A class that is ascertainable is "defined clearly and based on objective criteria." *Nistra v. Reliance Tr. Co.*, No. 16 C 4773, 2018 WL 835341, at *2 (N.D. Ill. Feb. 13, 2018) (citing *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015)). Case law suggests that this requirement failed when class definitions "were too vague or subjective, or when class membership was defined in terms of success on the merits (so-called 'fail-safe' classes)." *Id.*

In this case, class membership is ascertainable as it is possible to track each individual who received a violation notice and paid the fee. Class members are all drivers who received

violation notice in the Village of Lakemoor and paid the fine. They could be ascertained based on "objective criteria," i.e. the records of the violation notices retained by the Village. Therefore, the class definition is not "too vague or subjective."

## F. Predominance and Superiority

Once the requirements of Rule 23(a) are satisfied, the plaintiff must satisfy one of the requirements from Rule 23(b). Relevant in this case is Rule 23(b)(3) that states:

> A class action may be maintained . . . if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The rule further states that when evaluating predominance and superiority, the courts must take the following factors into account:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

### *Predominance*

Courts begin the analysis of this requirements "with the elements of the underlying cause of action." *Barnes v. Air Line Pilots Ass'n, Int'l*, 310 F.R.D. 551, 560–61 (N.D. Ill. 2015) (citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012)) (internal quotations omitted). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* (*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 594 (1997)) (internal quotations omitted). In this regard, the named plaintiff "must demonstrate, and the District Court must find, that the questions of law or fact common to class

11

members predominate over any questions affecting only individual members." *Id*. (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 41 (2013)). The requirement of predominance is "meant to test whether proposed classes are sufficiently cohesive to warrant adjudication by representation, but it scarcely demands commonality as to all questions." *Id*. The Supreme Court reiterated that "when adjudication of questions of liability common to the class will achieve economies of time and expense, the predominance standard is generally satisfied even if damages are not provable in the aggregate." *Id*. The courts in this Circuit, however, noted:

> [w]hile similar to the Rule 23(a)(2) commonality requirement, the predominance requirement is "*far more demanding*." Predominance is not satisfied where liability determinations are individual and fact-intensive, and "[m]ere assertion by class counsel that common issues predominate[ ] is not enough." Predominance also fails where affirmative defenses will require a person by person evaluation of conduct to determine whether [a defense] precludes individual recovery.

*Barnes*, 310 F.R.D. 551, 560–61 (N.D. Ill. 2015) (internal citations and quotations omitted) (emphasis added).

In the present case, the common, predominant issues in the case dwarf any other even potential issues. The common issues that predominate are at least the following:

a. whether § 41-1/2.14(C)(4)(c) of Lakemoor's Municipal Code requires that a notice of violation for violating § 41-1/2.11-306(c) of the Village's Municipal Code shall include: "the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated";

b. whether violation notices issued by Lakemoor using its automated traffic law enforcement system contain: "the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated";

c.       whether § 41-1/2.14(6) of the Village's Municipal Code contains the exclusive bases for challenging a violation notice issued by Lakemoor using its automated traffic enforcement system;

d.       whether violation notices issued by Lakemoor using its automated traffic enforcement system are void;

e.       whether the Village's actions of requiring the payment of fines and penalties while refusing to allow an administrative hearing on the issue of whether the violation notices comply with Lakemoor's Municipal Code constitutes a violation of due process;

f.       whether the Plaintiffs and the Class are entitled to a declaration that the Village's practice of issuing violation notices that do not comply with the requirements of § 41-1/2.14(C)(4) are void, invalid and unenforceable;

g.       whether the Plaintiffs and the Class are entitled to an injunction preventing the Village from collecting or otherwise enforcing violation notices generated using the Lakemoor's automated traffic enforcement system;

h.       whether the Village's practice of issuing void violation notices generated using Lakemoor's automated traffic law enforcement system resulted in the Village unjustly retaining a benefit to the detriment of Plaintiffs and the Class; and

i.       whether Lakemoor's retention of this benefit violates fundamental principles of justice, equity and good conscience.

### *Superiority*

Finally, to successfully certify a class under Rule 23(b)(3), the plaintiff must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the particular controversy." *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 255

(N.D. Ill. 2014) (citing *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 639, 117 S. Ct. 2231, 2257, 138 L. Ed. 2d 689 (1997)) (internal quotation marks omitted). In conjunction with the predominance requirement, superiority is "intended to cover cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id*. (internal quotations marks omitted).

In this case, class action is a superior mechanism to resolve the issues at hand because the class involves over 100,000 potential plaintiffs and spans approximately five years. Bringing multiple lawsuits to resolve the issues presented in this case would result in great inefficiencies and waste of time.

## **CONCLUSION**

For the reasons stated above, the named Plaintiffs request that this Court enter and continue the present Motion, so that the parties have an opportunity to conduct discovery on class certification issues, after which Plaintiffs will amend this Motion and file a Memorandum of Law in support of the Amended Motion. Plaintiffs also request such other and further relief as this Court deems just.

Respectfully submitted,

/Mark D. Roth/
 Mark D. Roth
 Roth, Fioretti, LLC
 Attorneys for Plaintiff and the Class

14

Mark Roth
Robert Fioretti
Kenneth Hurst
Roth Fioretti, LLC
311 S. Wacker Drive
Suite 2470
Chicago, IL 60606
Phone: (312) 922-6262
Email: mark@rothfioretti
Email: ken@rothfioretti


James J. Eccleston
Stephany D. McLaughlin
Roman Sankovych
Eccleston Law, LLC
55 W. Monroe Street
Suite 610
Chicago, IL 60603
Phone: 312-332-0000
Fax: 312-332-0003
Email: jeccleston@ecclestonlaw.com
Email: smclaughlin@ecclestonlaw.com
Email: rsankovych@ecclestonlaw.com