UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN KNUTSON, and HEATHER BENDL, ) | |
| ) | Case No.: 18-cv-1804 |
| Plaintiff, ) | |
| v. ) | |
| ) | Honorable Judge Marvin E. Aspen |
| VILLAGE OF LAKEMOOR, ) | |
| a Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT VILLAGE OF LAKEMOOR'S
### MOTION TO DISMISS PLAINTIFFS CLASS ACTION COMPLAINT

NOW COMES Defendant, VILLAGE OF LAKEMOOR, by and through its attorneys, Peterson, Johnson & Murray Chicago, LLC, and for their Motion to Dismiss Plaintiffs' Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof state as follows:

### Introduction

Plaintiffs Brian Knutson ("Knutson") and Heather Bendl ("Bendl")[1] have filed this putative class action complaint (Doc. No. 1) stemming from red light camera citations that they received from the Village of Lakemoor. A review of the citation issued to Knutson establishes that his citation was issued on May 18, 2014. (Doc. No. 1-3). No such citation was attached for Bendl, but it is believed, based upon Village records, that her citation was issued on March 13, 2012. Nonetheless, the purported claims of these individuals are barred by the applicable statute of limitations for both the federal and state causes of action.

Additionally, Plaintiffs' Due Process claims fail as a matter of law based upon established federal and state precedent. The arguments raised by Plaintiffs have been rejected. Plaintiffs were

---

[1] The Village's records indicate that the tickets in question were issued to a Brian Krutson and Heather Bendler.

1

afforded a hearing, but neither Plaintiff availed him or herself of that process, thus no viable due process claim exists. Next, setting aside the statue of limitations, Plaintiffs are not the appropriate parties to bring any injunctive or declaratory relief claims as it is too speculative that the harm would repeat itself. Further, Plaintiffs would have to violate the law and make a right turn on a red light, which is speculative at best. Lastly, Plaintiffs' unjust enrichment claims fail because there was no underlying constitutional violation. Thus, this Court should dismiss Plaintiffs' Class Action Complaint in its entirety, with prejudice.

## Facts

Plaintiffs are bringing this putative class action to seek redress for allegedly improper automated traffic law enforcement system notices. (Doc. No. 1, ¶1). Plaintiffs aver that the citations were void because the violation notices issued by the Village of Lakemoor did not contain the information that was required by Lakemoor's own ordinances. *Id*. at ¶¶5 and 37. Plaintiff further claims that the notices were defective because each notice limited the defenses a respondent could raise at a hearing. *Id*. at ¶6.

The two plaintiffs, Brian Knutson and Heather Bendl are Illinois residents who received red light camera violations from the Village of Lakemoor. *Id*. at ¶¶1, 8, and 46. The automated traffic control system cameras at issue were located at the intersection of Routes 120 and 12, in Lakemoor, Illinois. *Id*. at ¶¶ 29, 30. Plaintiff Knutson received a red light violation for a violation that occurred on May 18, 2014. *Id*. at ¶31 and Doc. No. 1-3. The violation provided to respondents specifically states that the "Notice of Violation depicts a Red Light Violation as shown in this photographic record…" *Id*. Plaintiff Knutson paid the violation after receiving the notice and claims that he did not know that that citation was void, as he now alleges in his Complaint. *Id*. at ¶¶47-48. Plaintiff Knutson did not challenge his citation from 2014 at a hearing. *Id*. at ¶49.

Similarly, Plaintiff Bendl was given a red light violation notice. *Id*. at ¶50.[2] Plaintiff Bendl did not challenge the violation notice and ultimately a fine and late fees were withdrawn from her State of Illinois tax refund. *Id*.

Plaintiffs seek redress for their respective individual claims, as well as a proposed class for:

> All individuals or entities to who the Village of Lakemoor issued an authomated traffic law enforcement system violation notice and who paid that violation notice (the "Class").

*Id*. at ¶54.

Plaintiff's Complaint contains four counts including: Violation of Due Process under 14th Amendment (Count I), Violation of Due Process under the Illinois Constitution (Count II), Declaratory Judgment and Injunction (Count III), and Unjust Enrichment (Count IV).

## Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim; rather, it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding such a motion, the Court accepts all well-pled facts as true – but to survive, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a complaint pleads facts "merely consistent with" a defendant's liability, "it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. The court is not to accept as true legal conclusions, even if couched as factual allegations, they must be supported. *Id*. A motion to dismiss pursuant to 12(b)(4) challenges the service of process of the served party. Fed. R. Civ. Proc. 12(b)(4).

---

[2] Plaintiffs do not identify the date of Plaintiff Bendl's citation, but records indicate that the citation was issued on March 13, 2012.

**I.    Plaintiffs' claims are barred by the statute of limitations**.

   a. <u>Plaintiff's federal claims are barred by the applicable statute of limitations</u>.

Plaintiffs Knutson and Bendl have filed suit for alleged violations of their respective Due Process rights secured by the Fourteenth Amendment. There claims were filed on March 13, 3018 and was titled "Class Action Complaint". (Doc. No. 1). It is clear from the exhibits to the Complaint that Mr. Knutson received his citation on May 18, 2014 and paid his fine thereafter. (Doc. No. 1-3, Knutson's Notice of Red Light Violation). However, the Complaint does not state the date of Plaintiff Bendl's citation. It is worth noting that the only citation the Village has for Plaintiff Bendl is from March 13, 2012, six years prior to the filing of this lawsuit. Based upon well-established precedent, Plaintiffs' federal claims are untimely and should be dismissed.

In matters very similar to the case at bar, other District Courts have found that a plaintiff's claim begins to accrue when the plaintiff receives the citation. See, *Falkner v. City of Chicago*, 150 F. Supp. 3d 973, FN 2 (N.D. Ill. 2015). In Falkner, the plaintiff was attacking the City of Chicago's red-light camera system and argued that, amongst other things, deprived him of his Due Process rights under the Fourteenth Amendment. *Id*. at 976. That court found that the Due Process claims were untimely because "the statute of limitations for § 1983 actions in Illinois," however, "is two years." Id. at FN 2, citing *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir.2015). That court went on to say, "'[t]he date at which the claim accrues and thus starts the running of the limitations period is a matter of federal law, and generally occurs when a plaintiff knows the fact and the cause of an injury.'" *Id.*

Here, Plaintiff Knutson was clearly outside of the applicable statute of limitations, as he received his citation in May of 2014. Although it appears that Plaintiffs are arguing that they did not know the citations were allegedly defective and did not know that they could challenge the

4

citations on those grounds, such an argument does not toll the statute of limitations. The court in *Larson v. LaSalle County*, 17 CV 4210, FN 2 (N.D. Ill. March 5, 2018) specifically rejected any argument that ignorance of the law tolls the statute of limitations. That court relied upon the Seventh Circuit decision in *Moore v. Vagnini,* 673 F. App'x 584, 586 (7th Cir. 2017) that "one did 'not need to know under what legal theory he had a claim, or even that he had a claim at all, to know that he had suffered harm'". *Id*. See also, *Mihelic v. Will Cnty., Illinois.,* 826 F. Supp. 2d 1104, 1112-13 (N.D. Ill. 2011) (rejecting the plaintiff's argument that the plaintiff could not have known of injury during illegal search until meeting with lawyer). As such, Plaintiff's claims began to accrue when the citation was issued and each Plaintiff declined to have a hearing to contest the merits. Any argument that each Plaintiff simply did not know of his or her rights is a non-starter and a tacit admission that their claims are barred by the two-year statute of limitations. Therefore, Plaintiffs' claims in Count I of the Class Action Complaint should be dismissed with prejudice, as they are time barred.

      b. <u>Any argument that the underlying citations were void *ab initio* because they did not comply with the Village's ordinances are barred by claim preclusion.</u>

Plaintiffs are claiming in this Court versus advancing the claim in the administrative proceeding. Any claim that the citation was void *ab initio* should have been raised in the administrative hearing or in a state Administrative Review Act appeal to a state circuit court. See 735 ILCS 5/3-101, et seq. Two Seventh Circuit decisions have noted that claim preclusion would bar a plaintiff from asserting claims, which could have been raised in the administrative process. See, *Schor v. City of Chicago*, 576 F.3d 775, 778 (7th Cir. 2009); see also, *Idris v. City of Chicago,* 552 F.3d 564, 565 (7th Cir. 2009). Although the defendant, City of Chicago, did not raise this defense, which resulted in the forfeiture of said argument. However, Lakemoor has not waived such an argument.

The claim preclusion doctrine prohibits "'successive litigation of the very same claim' by the same parties," *Whole Woman's Health v. Hellerstedt,* 136 S.Ct. 2292, 2305 (2016) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001)), as well as litigation of claims that *could* have been raised during an earlier proceeding but were not. See *Bell v. Taylor,* 827 F.3d 699, 706 (7th Cir. 2016)(emphasis added). Here, Plaintiffs did nothing to argue the lack of authority or validity of the red light citations issued by Lakemoor in the administrative hearing or in any state circuit court thereafter. Based upon the Seventh Circuit's statements in analogous cases in *Schor* (challenging the City's ordinance prohibiting the use of cell phones will driving) and *Idris* (challenging the City's red-light camera violations), Plaintiff's here should not be able to challenge the validity of the underlying citation because they never sought a hearing, let alone challenged the validity of the citation during the administrative process. Thus, Plaintiff's should be barred from challenging the validity of the red-light citations and Count I of the Complaint should be dismissed with prejudice.

    c. <u>Plaintiff's state law claims are barred by the applicable one-year statute of limitations.</u>

Plaintiffs' state law claims suffer from the same fate as their federal claims. As stated above, Plaintiffs' claims began to accrue at the time they were issued citations. In Illinois, it is undisputed that there is a one-year statute of limitations for all state law claims brought against governmental entities and governmental employees. See, 745 ILCS 10/8-101. This section of the Illinois Compiled Statutes states, in pertinent part,

> (a) No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

See, 745 ILCS 10/8-101.

As noted above, the statute of limitations for Plaintiff's Due Process claims accrues when the citation was issued. See, *Falkner*, 150 F. Supp. 3d at FN 2. The analysis under the Due Process clause of the Illinois Constitution does not alter that accrual date.

### II.     Plaintiffs fail to state a cause of action for Due Process violations.

#### a.   Plaintiffs' Federal Due Process claim fails as a matter of law.

Plaintiffs seek to hold the Village responsible for an alleged Due Process violation pursuant to the Fourteenth Amendment[3] because the alleged red light citation notice did not conform to the requirements of Lakemoor's Village Code. (Doc. No. 1, ¶63). Plaintiffs also allege that they did not have a meaningful hearing because the violation notice specified certain defenses that can refute a red-light citation. *Id*. at ¶65. Setting aside the untimeliness of the present claims, Plaintiffs' claims fail for several reasons. First, Plaintiffs' did not avail themselves of an administrative hearing. Second, Plaintiff did not object to the alleged deficiencies. Third, violations of state codes are not tantamount to a Due Process violation. Fourth, the violation notices, one of which was attached to the Complaint demonstrates that notice of the citation, a right to a hearing and an explanation of the potential fines were spelled out for the Plaintiffs.

Although Plaintiffs do not specify whether their claim is rooted in substantive or procedural due process, Plaintiffs do allege that they were not provided "[t]he fundamental requirements of due process [which] are notice and an opportunity to be heard in a meaningful manner." *Id*. at ¶63. This allegation sounds of a procedural due process claim. However, assuming this claim is based upon substantive due process, no such claim is viable because substantive due process is dependent upon the violation of a fundamental right and there is not a fundamental right to run red lights.

---

[3] The arguments related to Plaintiffs' federal Due Process claims are equally applicable to his state constitution Due Process claims, in addition to the other bases to dismiss his state Due Process claims argued herein.

7

See, *Idris v. City of Chicago*, 552 F. 3d 564, 566 (7th Cir. 2009), citing *Washington v. Glucksberg,* 521 U.S. 702, 719-22, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997).

Next, there is no Procedural Due Process violation as Plaintiffs were given the opportunity to contest the merits of the red-light violation and did not do so. Further, the arguments that the procedure was not valid because the notice did not comport with the Village Code is a non-starter because violations of state laws does not equate to constitutional violations. See, *Gramenos v. Jewel Cos., Inc.,* 797 F.2d 432, 434 (7th Cir. 1986) ("In a suit under § 1983 the plaintiff must show a violation of the Constitution or laws of the United States, not just a violation of state law. The two are not the same."); *see also Pasiewicz v. Lake Cnty. Forest Pres. Dist.,* 270 F.3d 520, 527 (7th Cir. 2001) (stating "[a] violation of a state statute is not a *per se* violation of the federal Constitution."); *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (same). Assuming arguendo, Plaintiff is correct that notice of the offense was not provided, it still is not the same as a violation of the constitution.

Analyzing the exhibits that accompanied Plaintiffs' Complaint, it is clear that they had notice of the violation and date of the violation. The citation attached to the Complaint contains all of the pertinent information. (Doc. No. 1-3). The notice provided the location, date and time of the violation, the date and time of a hearing (if a hearing was being requested) and the date by which the recipient had to contest the violation. *Id*. at p. 1. As for the description of the violation there is a section entitled "Issuance of a Violation Notice" on the second page of Doc. No. 1-3, which states,

> This notice was issued because a red-light camera recorded your vehicle proceeding into an intersection of violation of a traffic signal or due to the failure to bring your vehicle to a complete stop before turning right when the traffic signal light was red. (Turning right on red is prohibited when signs restricting such turns are posted.) The ticket appearing on this notice is not a uniform traffic citation. Payment will not impact your driving record.

*Id*. at p. 2.

The notice provided to Plaintiffs and attached to the Complaint provides all of the pertinent information required by Illinois law notice including the nature of the violation. 625 ILCS 5/11-208.6(d)(6). Procedural due process requires notice of the potential deprivation, in this case the potential violation fine, and a meaningful opportunity to be heard. *Gimbel v. Commodity Futures Trading Comm'n,* 872 F.2d 196, 200 (7th Cir. 1989) (citing *Goldberg v. Kelly,* 397 U.S. 254, 267-68, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)).

Plaintiffs also claim that the specific ordinance and state code was not identified on the citation to give the recipient notice. However, the description of the offense specifies the conduct at issue and the description of the citation. This is adequate notice under the constitution. Rather, the statute or regulation is adequate notice in and of itself as long as it is clear. *See Walker Stone, Inc. v. Sec'y of Labor,* 156 F.3d 1076, 1083 (10th Cir. 1998) ("In order to satisfy constitutional due process requirements, regulations must be sufficiently specific to give regulated parties adequate notice of the conduct they require or prohibit."); see also *Schor,* 576 F.3d at 780 ("Different jurisdictions often proscribe different types of conduct, and persons entering any specific place ... do so knowing that they are obliged to inform themselves about any relevant rules of the road.").

Lastly, Plaintiff maintain that their arguments at any hearing were limited to those defenses identified on the citation. However, similar arguments were raised and rejected by the Seventh Circuit in *Cochran v. Illinois State Toll Highway Authority*, 828 F. 3d 597 (7th Cir. 2016). There the plaintiff argued that he could not raise certain defenses at his hearing, thereby deplriving him of due process. *Id*. at 601. In rejecting that argument, the Seventh Circuit stated, "the fact that plaintiff could not present a knowledge defense at his hearing does not render the hearing

9

meaningless. Due process does not entitle a person to a hearing at which they will succeed." *Id*. (citation omitted). Given the allegations in the Complaint and the exhibit attached thereto, Plaintiffs' Due Process claim fails as a matter of law and Count I should be dismissed with prejudice.

      b. <u>There is no Due Process cause of action under the Illinois Constitution</u>.

Count II of Plaintiffs' Complaint purports to sue for a violation of Article I, Section 2 of the Illinois Constitution, which relates to Due Process. For the reasons stated herein there is no such cause of action under the Illinois Constitution.

Under Illinois law, provisions of the Illinois Constitution are not independently actionable unless they contain explicit language which authorizes a private cause of action. In *Teverbaugh ex rel. Duncan v. Moore*, 311 Ill. App. 3d 1 (1st Dist. 2000), the Court was asked to determine whether the Illinois Constitution's equal protection clauses allowed for a "private action for damages[.]" *Teverbaugh*, 311 Ill. App. 3d at 3. The Court concluded that <u>if a provision of the Illinois Constitution does not provide "[a] delineation of remedies, or language of self-execution" then no private cause of action for damages was authorized.</u> *Id.* at 4. Indeed, the Court held that the Illinois legislature clearly knew how to allow for a private cause of action in the Illinois Constitution—as it had done in Article I, § 17, by indicating that the rights secured by that section "are enforceable without action of the General Assembly." *Teverbaugh,* 311 Ill. App. 3d at 4 (quoting ILL. CONST. art. I, § 17). Thus, the Court "f[oun]nd the omission of language of self-execution … indicative that the drafters did not intend to give rise to a private right of action for damages under this provision." *Teverbaugh*, 311 Ill. App. 3d at 5.

The case of *Arlington Heights National Bank v. Arlington Heights Federal Savings & Loan Association,* 37 Ill.2d 546, 549-51 (1967), is instructive on this issue. In that case the Supreme

Court recognized that Article I, § 5 of the Illinois Constitution did not create a cause of action for damages. *Id*. Here, Article I, Section 2 lacks language of self-execution and it does not provide for a private cause of action under the holding in *Teverbaugh*. The Due Process clause states,

> No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws.

Illinois Constitution, Article I, Section 2.

It is evident from the plain language of this section that there is no "self-execution" language. Additionally, the Federal Courts in Illinois, applying Illinois law, have also held that provisions of the Illinois Constitution are not actionable: "<u>where adequate remedies exist under state common law or federal law for certain causes of action, a plaintiff may not maintain an independent cause of action under the Illinois Constitution</u>." *S.J. v. Perspectives Charter School*, 685 F. Supp. 2d 847, 862-63 (N.D. Ill. 2010) (emphasis) (collecting multiple cases with the same holding). Assuming that this claim was brought under Section 1983 to vindicate Plaintiffs' rights under the Illinois Constitution that theory would also fail. It is well established that "section 1983 provides a vehicle for vindicating Federal constitutional and statutory rights, not State rights, deprived under color of State law." *Stahl v. Vill. of Hoffman Estates*, 296 Ill. App. 3d 550, 558 (1st Dist. 1998).

Given this precedent and the claims being advanced by Plaintiffs, it is clear that no Due Process claim under the Illinois Constitution exists. Therefore, Count II of Plaintiffs' Complaint should be dismissed with prejudice.

### III. Plaintiffs fail to state a claim unjust enrichment because there was no underlying constitutional violation and unjust enrichment is not a separate cause of action.

Courts in this district, under similar circumstances have held that a plaintiff's unjust enrichment claim failed when the plaintiff failed to state a cause of action for a constitutional

violation. See, *Cochran v. Illinois State Toll Highway Authority*, 14 CV 9145, Doc. No. 33 (N.D. Ill. March 27, 2015); *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 754 (N.D. Ill. 2015). The court in *Ibarrola* stated that a claim for unjust enrichment cannot stand on its own. *Id*. at 760-761, citing, *Martis v. Grinnell Mut. Reins. Co.,* 905 N.E.2d 920, 928, 388 Ill. App.3d 1017, 329 Ill.Dec. 82 (2009) ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery."). Therefore, Count IV of Plaintiffs' Class Action Complaint should be dismissed with prejudice.

**IV. Plaintiffs' claim for injunctive relief and declaratory judgment are speculative and should be stricken**.

As noted above, Plaintiffs claims are well beyond the applicable statute of limitations. Thus, any request for either injunctive or declaratory relief is not only untimely, but would require speculation that the red light violation would occur again. See Arreola v. Godinez, 546 F. 3d 788, 799 (7th Cir. 2008)(quoting *Holmes v. Fisher*, 854 F. 2d 229, 233 (7th Cir. 1988). In addressing the plaintiff's request to be a class representative, the Seventh Circuit in Holmes stated,

> To permit the certification of a class headed by a "representative" who did not have a live controversy with the defendant on the day the suit began would be to jettison the last vestiges of the case-or-controversy requirement in class actions. And why? Holmes can pursue his claim for damages, and the precedent will set the rule to be followed in the future. Or some other litigant may file suit with a live claim. There is no need to throw away a venerable constitutional rule just to retain a replaceable champion.

*Holmes*, 854 F.2d at 233.

Just as in *Arreola* and *Holmes*, Plaintiffs here do not have a live cause of action, as both of their citations were paid years ago. Ultimately, it would be speculative that these two plaintiffs would be the subject of the alleged improper red-light violation in the future i.e., a live action would require each of these plaintiffs to break the law. As such, the request by these plaintiffs to

lead a class action for injunctive and declaratory relief is improper.  Thus, Count III of the Class Action Complaint should be dismiss with prejudice.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' Class Action Complaint in its entirety with prejudice and for any other relief that this Court deems necessary and just.

Respectfully submitted,

By: s/Dominick L. Lanzito
One of the Attorneys for Defendant

Dominick L. Lanzito
Peterson, Johnson & Murray Chicago
200 West Adams, Suite 2125
Chicago, IL. 60606
(312) 782-7150
dlanzito@pjmchicago.com