**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN KNUTSON, HEATHER BENDL, | ) | |
| THOMAS DAVIS, KEVIN KENNEDY, | ) | |
| STEPHANIE WARNER and | ) | |
| ROBERT KUJAWA | ) | |
| individually and on behalf of all | ) | No. 18-cv-1804 |
| others similarly situated, | ) | |
| Plaintiffs, | ) | Judge Marvin Aspen |
| | ) | |
| | ) | Magistrate Jeffery Cole |
| VILLAGE OF LAKEMOOR, | ) | |
| a Municipal Corporation, | ) | Jury Demanded |
| Defendant. | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs, Brian Knutson, Heather Bendl, Thomas Davis, Kevin Kennedy, Stephanie Warner and Robert Kujawa (collectively "Plaintiffs"), by and through their undersigned attorneys, and hereby appeal to the United States Court of Appeals for the Seventh Circuit from an order entered on December 4, 2018 granting Defendant, Village of Lakemoors' Motion to Dismiss, and from a final and appealable Judgment entered in favor of the Defendant, Village of Lakemoor, against the Plaintiffs, Brian Knutson, Heather Bendl, Thomas Davis, Kevin Kennedy, Stephanie Warner and Robert Kujawa, on December 4, 2018.

/s/ Mark D. Roth
Mark D. Roth
Attorney for Plaintiffs/Appellants

1

Mark D. Roth
Roth Fioretti, LLC
311 South Wacker Drive, Suite 2470
Chicago, Illinois 60606
PH: (312) 922-6262
FX: (312) 922-7747
mark@rothfioreti.com
Counsel for Plaintiff

James Joseph Eccleston
Eccleston Law LLC
55 W Monroe St, Suite 610
Chicago, IL 60603
PH: (312) 332-0000
jeccleston@ecclestonlaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned attorneys certify that they caused a true and correct copy of the foregoing instrument to be served upon the parties of record, as shown below, via the Court's CM/ECF filing system on the 27th day of December 2018.

Dominick L Lanzito
Peterson Johnson & Murray - Chicago LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
312 724-8024
Email: dlanzito@pjmchicago.com

Kevin Mark Casey
Peterson, Johnson & Murray Chicago LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
(312)724-8032
Email: kcasey@pjmchicago.com

Paul A O'Grady
Peterson Johnson and Murray Chicago LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
312 782-7150
Email: pogrady@pjmchicago.com

Shantel Iris Perez
Peterson, Johnson & Murray-chicago, Llc
200 West Adams
Suite 2125
Chicago, IL 60606
(312) 724-8024
Email: sperez@pjmchicago.com

3

<u>/s/ Mark D. Roth</u>
Mark D. Roth

Mark D. Roth
Roth Fioretti, LLC
311 South Wacker Drive,
Suite 2470
Chicago, Illinois 60606
PH: (312) 922-6262
FX: (312) 922-7747
mark@rothfioreti.com
Counsel for Plaintiffs

<u>/s/ James Joseph Eccleston</u>
James Joseph Eccleston

James Joseph Eccleston
Eccleston Law LLC
55 W Monroe St, Suite 610
Chicago, IL 60603
PH: (312) 332-0000
jeccleston@ecclestonlaw.com
Counsel for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN KNUTSON, HEATHER BENDL, | ) | |
| THOMAS DAVIS, KEVIN KENNEDY, | ) | |
| STEPHANIE WARNER and | ) | **DOCKETING STATEMENT** |
| ROBERT KUJAWA | ) | |
| individually and on behalf of all | ) | No. 18-cv-1804 |
| others similarly situated, | ) | |
| Plaintiffs, | ) | Judge Marvin Aspen |
| | ) | |
| | ) | Magistrate Jeffery Cole |
| VILLAGE OF LAKEMOOR, | ) | |
| a Municipal Corporation, | ) | Jury Demanded |
| Defendant. | ) | |

### I. JURISDICTION OF THE DISTRICT COURT

The district court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1343. The action also sought a declaration under 28 U.S.C. § 2201. The Court had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### II. JURISDICTION OF THE COURT OF APPEALS

This appeal is taken from the final decision of the U.S. District Court for the Northern District of Illinois entered on December 4, 2018 by the Honorable Judge Marvin Aspen. The United States Court of Appeals has jurisdiction to decide this case pursuant to 28 U.S.C. § 1291.

The Notice of Appeal was filed with the District Court on December 27, 2018.

Dated at Chicago, Illinois, this 27th day of December, 2018.

/s/ Mark D. Roth
Mark D. Roth

1

Mark D. Roth
Roth Fioretti, LLC
311 South Wacker Drive, Suite 2470
Chicago, Illinois 60606
PH: (312) 922-6262
FX: (312) 922-7747
mark@rothfioreti.com
Counsel for Plaintiff

James Joseph Eccleston
Eccleston Law LLC
55 W Monroe St, Suite 610
Chicago, IL 60603
PH: (312) 332-0000
jeccleston@ecclestonlaw.com
Counsel for Plaintiffs

2

## CERTIFICATE OF SERVICE

The undersigned attorneys certify that they caused a true and correct copy of the foregoing instrument to be served upon the parties of record, as shown below, via the Court's CM/ECF filing system on the 27th day of December 2018.

Dominick L Lanzito
Peterson Johnson & Murray - Chicago LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
312 724-8024
Email: dlanzito@pjmchicago.com

Kevin Mark Casey
Peterson, Johnson & Murray Chicago LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
(312)724-8032
Email: kcasey@pjmchicago.com

Paul A O'Grady
Peterson Johnson and Murray Chicago LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
312 782-7150
Email: pogrady@pjmchicago.com

Shantel Iris Perez
Peterson, Johnson & Murray-chicago, Llc
200 West Adams
Suite 2125
Chicago, IL 60606
(312) 724-8024
Email: sperez@pjmchicago.com

3

/s/ Mark D. Roth
Mark D. Roth

Mark D. Roth
Roth Fioretti, LLC
311 South Wacker Drive,
Suite 2470
Chicago, Illinois 60606
PH: (312) 922-6262
FX: (312) 922-7747
mark@rothfioreti.com
Counsel for Plaintiffs

/s/ James Joseph Eccleston
James Joseph Eccleston

James Joseph Eccleston
Eccleston Law LLC
55 W Monroe St, Suite 610
Chicago, IL 60603
PH: (312) 332-0000
jeccleston@ecclestonlaw.com
Counsel for Plaintiffs

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN KNUTSON, et al.,                    )
                                          )
        Plaintiffs,                       )
                                          )        1:18 C 1804
                v.                        )        Hon. Marvin E. Aspen
                                          )
VILLAGE OF LAKEMOOR,                      )
                                          )
        Defendant.                        )

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiffs Brian Knutson, Heather Bendl, Thomas Davis, Kevin Kennedy, Stephanie Warner, and Robert Kujawa, on behalf of a putative class, allege that red-light camera violation notices issued by the Village of Lakemoor, Illinois are void under municipal law. Plaintiffs request federal declaratory relief under 28 U.S.C. § 2201 (First Am. Compl. ("FAC") (Dkt. No. 24) ¶¶ 92–98 (Count III)), injunctive relief (*id.* ¶¶ 99–102 (Count IV)), and a remedy for unjust enrichment (*id.* ¶¶ 103–107 (Count V)), alleging that the violation notices are void and unenforceable. Plaintiffs also claim under 42 U.S.C. § 1983 that Lakemoor's ordinance deprives them of procedural due process by prohibiting them from challenging the violation notices as void before local administrative hearings that adjudicate red-light camera violations. (*Id.* ¶¶ 73–81 (Count I).)[1] Plaintiffs have moved for class certification. (Dkt. No. 10; FAC ¶¶ 67–72.) Defendant has moved to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] In their response, Plaintiffs abandon Count II of their complaint, alleging a violation of the Due Process Clause of the Illinois Constitution. (FAC ¶¶ 82–91; Resp. (Dkt. No. 28) at 13.) We thus do not consider it here.

(Mot. (Dkt. No. 25).)  For the reasons stated below, we grant Defendant's motion and dismiss all Plaintiffs' claims.

## BACKGROUND

For purposes of a motion to dismiss, we accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016).  The Village of Lakemoor ("Lakemoor") enacted an Automated Traffic Law Enforcement Program ("Ordinance").  (FAC ¶ 14; *id.* Ex. B (Dkt. No. 24–3) at 24–28 (attaching copy of Lakemoor Mun. Code § 41–1/2.14).)[2]  The Ordinance makes it a municipal violation to run red lights or to turn right on a red light when a prohibitory sign is posted.  Lakemoor Mun. Code § 41–1/2.14(B).  Violators are detected by an automated red-light camera.  *Id.* § 41–1/2.14(C)(1).  When the red-light camera captures a violation, the Ordinance mandates that local law enforcement verify that a violation in fact occurred, and if so (and if no defenses visibly apply), Lakemoor must send a notice of violation to the registered vehicle owner.  *Id.* § 41–1/2.14(C)(4).  The notice of violation establishes prima facie evidence that a violation occurred and is admissible in any future hearing to contest the violation.  *Id.*

The Ordinance prescribes what information must be included on the violation notices. *Id.* § 41–1/2.14(C)(4)(a)–(l).  Besides basic information such as the date, time, and location of the violation, the vehicle owner's name and address, the vehicle's registration number, and copies of recorded images of the violation, the Ordinance requires the violation notice to include "[t]he violation charged, with specific reference to that section of the Village of Lakemoor

---

[2] For clarity, all further references to Lakemoor ordinances will cite to them as codified in the Lakemoor Municipal Code, taken from the copies Plaintiffs attached at Exhibits A and B to their first amended complaint.  (FAC Ex. A (Dkt. No. 24–2); *id.* Ex. B (Dkt. No. 24–3).)

Municipal Code of Ordinances allegedly violated." *Id.* § 41–1/2.14(C)(4)(c).  In addition, the

notice gives the recipient the option to pay the assessed $100 fine, or else contest the violation at

an in-person hearing.  *Id.* § 41–1/2.14(C)(4).  The Ordinance lists specific defenses that may be

raised at an administrative hearing.  *Id.* § 41–1/2.14(C)(6).

Plaintiffs are residents of Illinois who between 2012 and 2018 each received notices that

they had violated Lakemoor's Ordinance and were assessed a $100 fine per violation.

(FAC ¶¶ 8, 49–54; *id.* Ex. C (Dkt. No. 24–4).)[3]  On the front of each violation notice, the

notation "12-O-03" is printed next to the label "Code Violation and Description."

(FAC Ex. C at 1.)  Instructions to pay or challenge a violation and a "complete list of

defenses/grounds for contesting a Red Light Violation" are listed on the back of the notice.

(*Id.* at 2.)

## STANDARD OF REVIEW

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to

decide the merits."  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citing *Triad

Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)).  A court may grant a

motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to

relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,

127 S. Ct. 1955, 1974 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

(2009).  The plausibility standard is not a "probability requirement," but it asks for "more than a

sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678,

129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).  "A claim has facial

---

[3] Plaintiffs represent that all violation notices issued by Lakemoor from 2012 through the present "contain the same or similar information" as the example notice attached to Plaintiffs' complaint as Exhibit C.  (FAC ¶ 31; *id.* Ex. C.)

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the plaintiff need not plead "detailed factual allegations," he must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. At the motion to dismiss stage, we accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in Plaintiffs' favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

ANALYSIS

Defendant moves to dismiss all of Plaintiffs' claims. Defendant argues that Count I is precluded because Plaintiffs did not first seek an administrative hearing, (Mot. at 7, 9), and that it fails as a matter of law because the Ordinance's limitation of defenses does not amount to a due process violation (*id.* at 11). Defendant argues that Counts III and IV are speculative and should be stricken (*id.* at 14), that an injunction (Count IV) is not a separate cause of action (*id.* at 13), and that Count V fails because unjust enrichment is not a standalone claim and must fall because there is no underlying constitutional violation (*id.*). Defendant also asserts that Lakemoor's violation notices do indeed comply with the Ordinance, thus undermining the legal premise upon which Counts III, IV, and V rely. (*See* Reply (Dkt. No. 29) at 2.)[4] We first address Counts III, IV, and V, as their determination will aid the analysis of Count I, which we address second.

## I.    INVALIDITY CLAIMS

Several of Plaintiffs' claims rely solely on the assertion that the Lakemoor Ordinance violation notices are invalid because they fail to correctly cite the applicable municipal law.

---

[4] Defendant also asserts that several of Plaintiffs' claims are barred by the applicable statutes of limitations. (Mot. at 5–6, 8.) Because these defenses leave some of Plaintiffs' claims undisturbed, and because we find that other matters are dispositive of all Plaintiffs' claims, we do not address Defendant's statute of limitations argument.

(Count III (FAC ¶ 97) (seeking declaratory judgment "that the Village's practice of issuing violation notices . . . are void, invalid, and unenforceable"); Count V (*id.* ¶¶ 104–06) (alleging Lakemoor is unjustly enriched by invalid notices).)[5]  Plaintiffs' claims hinge on text in the Ordinance that requires each violation notice to state "the violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated."  Lakemoor Mun. Code § 41–1/2.14(C)(4)(c).  Each violation notice that Plaintiffs received contains a space for "Code Violation and Description," next to which is printed the notation "12-O-03."  (FAC ¶ 31; *id.* Ex. C at 1.)  Plaintiffs allege that this notation is not the required "specific reference" to the proper municipal code citation.  (*Id.* ¶ 34.)  Plaintiffs claim that the notices should instead cite the Ordinance as "§ 41–1/2.11–306(c)," and that Lakemoor's failure to include this citation on the violation notices renders all notices void.

(*See id.* ¶¶ 34–35, 37.)  In its reply brief, Defendant argues that the violation notices do indeed comply with the Ordinance because, among other reasons, the notation "12-O-03" is a proper citation to the violation charged, as the Ordinance requires.  (Reply at 2.)

Plaintiffs' claims require reading several Lakemoor and Illinois statutes together.  The Lakemoor Municipal Code "provides for a distinct system of numbering chapters and sections in

---

[5] Defendant moves to dismiss Count IV because an injunction is a remedy rather than a substantive claim.  (Mot. at 13–14; Reply (Dkt. No. 29) at 10.)  We agree.  *See Onyango v. Downtown Entm't, LLC*, 525 F. App'x 458, 460 (7th Cir. 2013) (injunctive relief is a remedy and plaintiff "should not have characterized his request for injunctive relief as a separate count of his complaint"); *LaSalle Nat. Bank v. Metro. Life Ins. Co.*, 18 F.3d 1371, 1376 (7th Cir. 1994) (clarifying that "specific performance is a remedy, not a cause of action").  We therefore dismiss Count IV of Plaintiffs' complaint.  Although Plaintiffs seek injunctive relief in conjunction with other substantive claims, (FAC ¶ 107(E)), whether that relief is warranted will depend on Plaintiffs' claim that the violation notices are invalid.

its Municipal Code." (FAC ¶ 13.)[6]  In addition, Lakemoor has adopted the Illinois Vehicle Code

and, as such, has prescribed a numbering convention for Lakemoor ordinances that mirrors the

Illinois Vehicle Code.  (*Id.* ¶ 18.)[7]  Plaintiffs claim that the Illinois Vehicle Code violation for

running a red light is contained in Section 11–306(c), 625 ILCS 5/11–306(c), and thus, because

of Lakemoor's stated naming convention, any violation of Lakemoor's Ordinance must be styled

as follows: "§ 41–1/2.11–306(c)."  (FAC ¶ 21.)  As such, Plaintiffs allege that every violation

notice pursuant to Lakemoor's Ordinance must contain, as the "specific reference" to the

violation, the citation "§ 41–1/2.11–306(c)."  (*Id.* ¶ 28.)  However, Plaintiffs also allege that no

part of Lakemoor's Municipal Code is codified with the numerical label "§ 41–1/2.11–306(c)."

(*Id.* ¶ 22.)

---

[6] The relevant text of this ordinance is as follows:

> (C)  *Numbering sections.* Each section number of this code shall consist of two
> component parts separated by a period, the figure before the period referring to the
> chapter number and the figure after the period referring to the section within the chapter.

> (D) *Numbering additions.* The decimal system shall be used for all additions and
> amendments to this code. When a chapter or section is added, the new chapter or section
> shall be given a decimal character.

Lakemoor Mun. Code § 1.01.

[7] The text of this ordinance is as follows:

> Pursuant to ILCS Ch. 625, Act 5, § 20-204 (2001), the village hereby adopts and
> incorporates by reference all of the Illinois Vehicle Code ("IVC") and subsequent
> amendments, along with any referenced penalty provisions, as the Vehicle Code of the
> village. The section numbers used in the Illinois Vehicle Code shall be identical to those
> section numbers in the Lakemoor Vehicle Code. Therefore, an ordinance violation shall
> be cited as "Chapter 41-1/2", followed by the corresponding IVC section number.

Lakemoor Mun. Code § 41–1/2.01.

Plaintiffs' claims require us to interpret the meaning of the Ordinance in light of Lakemoor's violation notices issued pursuant to it. As the Seventh Circuit has recently instructed, municipal ordinances:

> are interpreted in the same manner as Illinois statutes. The Court's primary objective is to ascertain and give effect to the intent of the legislature. The language of the statute provides the best indication of the legislature's intent. Where a phrase or word is undefined, it is appropriate to employ a dictionary to ascertain its meaning. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses.

*Vill. of Bedford Park v. Expedia, Inc.*, 876 F.3d 296, 302–03 (7th Cir. 2017) (citations and quotations omitted). Although no state or federal court appears to have interpreted the Ordinance to date, "[t]his case involves routine questions of statutory interpretation that this Court is well-equipped to handle." *Id.* If an Illinois court is later called to opine on the Ordinance, it "can correct our interpretations if it finds them erroneous." *Id.* at 303.

Plaintiffs' central notion that Lakemoor's red-light violation notices are void because they do not include a "specific reference" to the "violation charged," which they insist must instead be written as Section "41–1/2.11–306(c)," presents several problems. Foremost, as Plaintiffs freely admit, their preferred citation to Lakemoor's Municipal Code does not appear to exist. (FAC ¶ 22 ("There is, therefore, no section in the Village's Municipal Code that is labelled as '§ 41–1/2.11–306(c)' . . . .").)

Second, the Ordinance itself defines what constitutes a violation without any need to refer to the Illinois Vehicle Code or Lakemoor's version thereof. Illinois Vehicle Code Section 11–306, upon which Plaintiffs fixate, merely describes the legal meaning of the green, yellow, and red signals on a standard traffic light. 625 ILCS 5/11–306. Section 11–306(c) directs drivers to stop at a "[s]teady red indication" and not to enter an intersection or block a crosswalk while the red signal remains lit. *Id.* § 11–306(c); *see also Falkner v. City of Chi.*,

150 F. Supp. 3d 973, 981 (N.D. Ill. 2015) (describing this provision). The Ordinance, by contrast, indicates within its text that "[i]t shall be a violation of this section for anyone to operate a vehicle in disregard of a traffic control device or to turn right on a red light where it is posted 'No Turn on Red.'" Lakemoor Mun. Code § 41–1/2.14(B). The Ordinance, not Lakemoor's version of Illinois Vehicle Code Section 11–306(c), is therefore the "violation charged" when individuals run afoul of a Lakemoor red-light camera. *Id.*

What is more, Plaintiffs fail to mention that Lakemoor's Ordinance incorporates by reference Illinois Vehicle Code Section 11–306 in defining the red-light camera's operation. *See* Lakemoor Mun. Code § 41–1/2.14(C)(1) (defining an "automated traffic law enforcement system" as a vehicle sensor working in tandem with a traffic signal to produce recorded images of vehicles disobeying red lights "in violation of Section 11–306 of the Illinois Vehicle Code, ILCS Ch. 625, Act 5, § 11–306"). There would thus be no reason for the violation notices to reference Lakemoor's version of Illinois Vehicle Code Section 11–306, because a violation of Section 11–306 would also constitute a violation of the Ordinance. *See People v. Lewis*, 5 Ill. 2d 117, 122, 125 N.E.2d 87, 90 (Ill. 1955) (noting the "familiar legislative technique" of incorporation by reference, the effect of which is "the same as though the statute or the provisions adopted had been incorporated bodily into the adopting statute"); *Coram v. State*, 2013 IL 113867, ¶ 85, 996 N.E.2d 1057, 1081 (Ill. 2013) (same).

Aside from Plaintiffs' tortured reading of Lakemoor's Municipal Code, a fair examination of the Ordinance and of the violation notices Lakemoor issues under it reveals as erroneous Plaintiffs' contention that the notices are void. As already stated, the Ordinance requires that every notice of violation contain "[t]he violation charged, with specific reference to that section of the Village of Lakemoor Municipal Code of Ordinances allegedly violated." Lakemoor Mun. Code § 41–1/2.14(C)(4)(c). Each violation notice, in turn, identifies on its face

the "Code Violation" as "12-O-03." (FAC Ex. C; *see also id.* ¶ 31 (asserting that all violation notices "contain the same or similar information" as the example Plaintiffs provided).) The full-text copy of the Ordinance that Plaintiffs attached to their complaint displays the phrase "Ord. 12-O-03, passed 1-26-2012" on the last line of the Ordinance. (*See id.* Ex. B at 28.) "Ord." is an abbreviation for "ordinance," *see, e.g.*, Table of Legal Abbreviations, Black's Law Dictionary (10th ed. 2014) (abbreviating "Revised Ordinances" as "Rev. Ord."), and Ordinance "12-O-03" was passed on January 26, 2012. (FAC Ex. B at 28.) The notation "12-O-03" is merely a parallel citation to the local session law as it was passed and later codified at Section 41–1/2.14 of the Lakemoor Municipal Code. Session laws are laws, with the full legal authority of codified statutes. *See, e.g.*, *Zivkovic v. Holder*, 724 F.3d 894, 897–98 (7th Cir. 2013) (referring to parallel sections of both the Immigration and Nationality Act (INA) session law and the INA as codified, and "[f]or convenience . . . omit[ing] the parallel citations to the INA and us[ing] only the citation found" in the U.S. Code); *Session Laws*, Black's Law Dictionary (10th ed. 2014) ("The body of *statutes enacted by a legislature* during a particular annual, biennial, or special session." (emphasis added)); Bryan A. Garner, *A Dictionary of Modern Legal Usage* 797 (2d ed. 1995) (defining "session laws" as "the *statutes enacted by a legislative body* and published in a form identifying them with the term in which the legislative session took place" (emphasis added)).[8] A "specific reference" is one that is unambiguous and alludes to the thing it means to identify. *See* Merriam Webster's Collegiate Dictionary (10th Ed.1996) (defining "specific" as "free from ambiguity" and "reference" as an "allusion" or a "mention").

---

[8] Indeed, at the federal level, inconsistencies between the official session laws, Statutes at Large, and codifications in the United States Code are resolved in favor of the session laws, "[f]or it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect, unless such intention is clearly expressed." *United States v. Welden*, 377 U.S. 95, 98 n.4, 84 S. Ct. 1082, 1085 n.4 (1964) (quotations omitted); *see also Time Warner Cable v. Doyle*, 66 F.3d 867, 878 n.11 (7th Cir. 1995) (applying the same rule).

Plaintiffs' own exhibit thus makes clear that "12-O-03" *is* a "specific reference" to the

Ordinance, as "12-O-03" unambiguously alludes to the full section of the Lakemoor Municipal

Code that proscribes running red lights when captured on an automated camera.

(FAC Ex. B at 28.)[9]  The notices of violation are therefore not void on the argument that

Plaintiffs advance.

　　　　　Plaintiffs' other objection to Lakemoor's "12-O-03" notation on the red-light camera

violation notices is similarly unavailing.  Plaintiffs reject the notation because it "presumably"

"includes all of the 42 sections of § 41–1/2.14 *et seq.* of the Lakemoor Municipal Code."

(FAC ¶ 33; *see also* Resp. at 2–3.)  Plaintiffs apparently desire that a citation to a smaller

subdivision of the Ordinance be printed on the violation notices.  The Ordinance, however,

requires no more than a citation to the full section violated, which, as we have determined, is

*Section* 41–1/2.14 of the Lakemoor Municipal Code.  *See* Lakemoor Mun. Code § 41–1/2.14(A)

(referring to all subdivisions within Section 41–1/2.14 as a "section"); *id.* § 41–1/2.14(C)(4)(c)

(requiring reference to the "section" charged on violation notices).  (*See also* FAC Ex. B at 24

---

[9] We may also take judicial notice of Lakemoor's codified ordinances posted online, which lists
"12-O-03" next to a link to Section 41–1/2.14 (the Ordinance) on a page of "References to
Ordinances."  *See* Fed. R. Evid. 201(b)(2); *LaBella Winnetka, Inc. v. Vill. of Winnetka*,
628 F.3d 937, 944 n.3 (7th Cir. 2010) (taking judicial notice of the contents of village website).
The website for the Village of Lakemoor (http://www.lakemoor.net/) includes a link to Village
Ordinances (http://www.amlegal.com/codes/client/lakemoor_il/), which in turn contains a button
to "View Code" and takes visitors to the Lakemoor Municipal Code
(http://library.amlegal.com/nxt/gateway.dll/Illinois/lakemoor_il/villageoflakemoorillinoiscodeof
ordinance?f=templates$fn=default.htm$3.0$vid=amlegal:lakemoor_il).  The copy of the
Ordinance that Plaintiffs attached to their complaint includes links to this same website for the
Lakemoor Municipal Code, and the page containing the Ordinance appears to be the same as
Plaintiffs' exhibit.  (*See, e.g.*, FAC Ex. B at 1 (containing hyperlink to the Ordinance, Section
41–1 /2.14).)  Although the online version of the Lakemoor Municipal Code contains a
disclaimer that it should not be relied upon as the definitive authority for local legislation, we
refer to it for illustrative purposes only.  Plaintiffs aver the copy of the Ordinance that they
submitted with their complaint is "true and correct," and that copy also contains the notation
"12-O-03."  (FAC. Ex. B at 28; FAC ¶ 17.)

(denoting the "Automated Traffic Law Enforcement Program" as "*§ 41–1/2.14*"

(emphasis added)).)  It is of no moment that the full section comprises "all of the 42"

subdivisions within it.  (FAC ¶ 33.)

On their face, and taking all Plaintiffs' allegations as true, Counts III and V of Plaintiffs'

complaint rely on a finding that Lakemoor's red-light camera violation notices are invalid.  As

we find that the violation notices comply with the Ordinance's plain text and are thus not invalid,

these counts fail, and injunctive relief is unavailable.  (See *supra* at 5 n.5.)  We dismiss Counts

III and V of Plaintiffs' complaint for failure to state a claim.

## II.    PROCEDURAL DUE PROCESS CLAIM

Defendant also moves to dismiss Count I of Plaintiffs' complaint, which alleges a

violation of Plaintiffs' procedural due process rights because the administrative hearings

available under the Ordinance do not allow Plaintiffs to challenge the violation notices as

invalid.  (*See* FAC ¶¶ 74–81.)  The Ordinance lists specific defenses that one wishing to contest a

violation may raise at an administrative hearing.  Lakemoor Mun. Code § 41–1/2.14(C)(6).[10]

These defenses "are the only defenses available for an alleged violator contesting his or her

liability for a violation."  *Id.*  Challenging the violation notices' validity is not among the

available defenses.  (FAC ¶ 78.)  Plaintiffs allege that because they cannot obtain an

administrative hearing "to adjudicate whether the violation notices conform to the required terms

of the Village's Municipal Code" (*id.* ¶ 77), or to "challenge whether the violation notices are

---

[10] Defenses include (a) the motor vehicle or plates were stolen prior to the violation, (b) the
driver was yielding to an emergency vehicle or participating in a funeral procession, (c) the
license plate number cannot be determined, (d) the driver already received a citation from a
police officer at the time of the violation, and (e) the vehicle was leased to another and the owner
timely notified the municipality of the lease.  Lakemoor Mun. Code § 41–1/2.14(C)(6).  The
violation notices list additional defenses that the facts alleged are inconsistent or otherwise do
not support a finding of violation, or that the respondent did not own, lease, or rent the cited
vehicle at the time of the violation.  (FAC Ex. C at 2.)

void" (*id.* ¶ 79), they are not afforded a meaningful opportunity to be heard. Plaintiffs allege this deficiency violates their procedural due process rights. (*Id.* ¶ 80.) Defendant argues that Plaintiffs' due process claim, brought under 42 U.S.C. § 1983, is precluded and fails on the merits. (Mot. at 7–13.) We address each argument in turn.

### A. Claim Preclusion

As a preliminary matter, Defendant contends that Count I is precluded because Plaintiffs could have (but did not) raise their concerns in an administrative hearing. (Mot. at 7.) Because Plaintiffs did not request an administrative hearing and raise their claim that the violation notices were invalid, Defendant argues that Plaintiffs' Section 1983 claim is barred in federal court. (*Id.*; Reply at 5–6.) Defendant rests its argument on two opinions of the Seventh Circuit, both of which mention, in dicta, that claim preclusion may be an available affirmative defense to claims against city ordinances. *See Schor v. City of Chi.*, 576 F.3d 775, 778 (7th Cir. 2009) (addressing city ordinance banning use of mobile phones while driving); *Idris v. City of Chi.*, 552 F.3d 564, 565 (7th Cir. 2009) (addressing city red-light camera ordinance). Plaintiffs respond that their claim is not precluded because they could not have raised their challenge at an administrative hearing. (Resp. at 6–7.)

In Section 1983 cases, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984). We thus examine whether Illinois law would preclude Plaintiffs' claim for failing to raise it in an administrative hearing. In Illinois, the three requirements for claim preclusion, or *res judicata*, are "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of [*i.e.*, identical] cause of action; and (3) an identity of parties, or their privies." *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*,

2011 IL 111611, ¶ 56, 959 N.E.2d 1133, 1148 (Ill. 2011) (citing *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302, 703 N.E.2d 883, 889 (Ill. 1998)). *Res judicata* applies not only to claims that were actually raised, but to claims that could have been raised at an appropriate proceeding. *Arvia v. Madigan*, 209 Ill. 2d 520, 533, 809 N.E.2d 88, 97 (Ill. 2004). However, *res judicata* may not apply where an administrative hearing officer is not empowered to grant the relief that a party later seeks in a different court. *Crossroads*, 2011 IL 111611, ¶ 57, 959 N.E.2d 1133, 1148 (no *res judicata* where a claim for damages could not have been raised before an administrative body that had no jurisdiction to award damages); *see also Arvia*, 209 Ill. 2d at 534, 809 N.E.2d at 97 (facial challenge to statute not *res judicata* because administrative hearing had no power to declare it unconstitutional).

Here, Plaintiffs claim that they could not have raised their objections to the Ordinance in an administrative hearing. Plaintiffs argue that the Ordinance "expressly limits the defenses that can be raised to challenge a violation notice to only five enumerated defenses." (Resp. at 6.) Indeed, neither a claim that the violation notices violate local law nor that the administrative hearings provide insufficient procedures can be found among the Ordinance's enumerated defenses. Lakemoor Mun. Code § 41–1/2.14(C)(6) (listing defenses). (*See also* FAC Ex. C at 2 (violation notice listing "a complete list of all defenses/grounds for contesting a Red Light Violation").) On this point, Plaintiffs aptly cite a decision of the Circuit Court of Cook County, which found a challenge to Chicago parking violations was not *res judicata* even though the plaintiffs had paid the tickets and failed to contest the notices in an administrative hearing where defenses were expressly limited. (Resp. at 7 (citing *Mashal v. City of Chi.*, No. 00 CH 13396, 2005 WL 6567438 (Ill. Cir. Ct. Dec. 9, 2005)); Dkt. No. 28–5 (attaching opinion).) There, as here, "because the Ordinance specifically limited the defenses that could be raised when contesting a violation, [plaintiff] was precluded from raising his claims and having them

13

adjudicated at the administrative level," rendering *res judicata* inapplicable. *Mashal*,

2005 WL 6567438 (Dkt. No. 28–5 at 7); *see Mashal v. City of Chi.*, 2012 IL 112341, ¶¶ 7–8,

981 N.E.2d 951, 955 (Ill. 2012) (reciting Circuit Court decision and noting defendant's *res

judicata* argument).

Separately, a local administrative hearing officer would have no power to find the

Ordinance deficient for disallowing certain defenses.  In Illinois, "administrative agencies have

no authority to declare statutes unconstitutional or even to question their validity."  *Bd. of Educ.

of Peoria Sch. Dist. No. 150 v. Peoria Fed'n of Support Staff, Sec./Policeman's Benev. &

Protective Ass'n Unit*, 2013 IL 114853, ¶ 38, 998 N.E.2d 36, 47 (Ill. 2013); *accord

Goodman v. Ward*, 241 Ill. 2d 398, 410–11, 948 N.E.2d 580, 588 (Ill. 2011).  Under the Illinois

statute defining the powers of administrative hearing officers, such officers may hear testimony

and accept evidence that may be relevant to the existence of a code violation; issue subpoenas;

preserve and authenticate the hearing record, exhibits, and evidence; determine whether a

violation occurred based on the evidence at the hearing; and impose penalties.

65 ILCS 5/1–2.1–4(b).[11]  Conspicuously absent from any of these delegated powers is the ability

of hearing officers to declare the ordinance they are empowered to enforce invalid or

unconstitutional.

Therefore, not only were Plaintiffs prevented from challenging allegedly unlawful notices

or administrative hearing procedures; it also appears that a hearing officer would not have been

able to grant the relief Plaintiffs seek under their limited powers.  Plaintiffs' invalidity claim

would thus not be precluded under Illinois law for failing to raise it in an administrative hearing.

---

[11] Section 41–1/2.14(C)(8) of the Ordinance, establishing the powers of the administrative
hearing officers who adjudicate violations, expressly incorporates the "powers granted to
Hearing Officers" under Illinois statute.

*See Arvia*, 209 Ill. 2d at 533, 809 N.E.2d at 97 (constitutional claim that could not have been decided by Secretary of State was not precluded); *Hayes v. State Teacher Certification Bd.*, 359 Ill. App. 3d 1153, 1161, 835 N.E.2d 146, 154–55 (5th Dist. 2005) (claim not litigated before a hearing officer was not precluded because hearing officer was not empowered to decide it). And because the claim would not have been barred in state court, it is likewise not barred in federal court. *See Migra*, 465 U.S. at 81, 104 S. Ct. at 896.[12]

### B.   Procedural Due Process Analysis

Turning to the merits, Plaintiffs allege that Lakemoor's Ordinance violates their right to procedural due process under the Fourteenth Amendment to the United States Constitution. (FAC ¶¶ 74–81.)  "Under the Due Process Clause, an individual faced with the possible deprivation of a property interest is entitled to both timely and adequate notice of the potential deprivation and a meaningful opportunity to be heard." *Gimbel v. Commodity Futures Trading Comm'n*, 872 F.2d 196, 200 (7th Cir. 1989) (citing *Goldberg v. Kelly,* 397 U.S. 254, 267–68, 90 S. Ct. 1011, 1020–21 (1970)).  Due process is "flexible and calls for such procedural protections as the particular situation demands." *Miller v. City of Chi.*, 774 F.2d 188, 191 (7th Cir. 1985) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600 (1972) and collecting cases).  Unlike Plaintiffs' other claims, which rely only upon the alleged invalidity of Lakemoor's red-light violation notices, Plaintiffs' procedural due process claim focuses instead

---

[12] Plaintiffs and Defendant also dispute, to some extent, whether Plaintiffs had to exhaust state remedies before seeking federal review.  Defendant, in its opening brief, argued in part that Plaintiffs' claim was precluded because they did not seek review in a state Administrative Review Act appeal.  (Mot. at 7.)  Plaintiffs respond that suits brought under Section 1983 do not require claimants to exhaust state remedies before pursuing relief in federal court.  (Resp. at 7.) Although the exhaustion and claim preclusion issues are distinct, *see, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 488 n.9, 114 S. Ct. 2364, 2373 n.9 (1994), Plaintiffs are nevertheless correct that Section 1983 has no exhaustion requirement.  *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 500–01, 102 S. Ct. 2557, 2568 (1982) ("[T]his Court has stated categorically that exhaustion is not a prerequisite to an action under § 1983 . . . .").

on the Ordinance's limitation of defenses that can be raised to contest a fine at an administrative hearing. (FAC ¶¶ 77–79.)[13] Plaintiffs allege that they are deprived of due process because the Ordinance prohibits them from challenging the violation notices as void. (*Id.*)

Defendant contends that *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597 (7th Cir. 2016), which found no due process violation on a substantially similar claim, is on-point and decisive precedent. (Mot. at 11; Reply at 6–8.) The plaintiff in *Cochran*, on behalf of a putative class, challenged Illinois' toll system in part because the statute governing the toll fines limited the defenses that could be used to contest a violation at a later hearing. *Cochran*, 828 F.3d at 598–99. The toll law was a strict liability offense, and violators were thus precluded from raising a "knowledge" defense, *i.e.*, that they did not intend to miss the toll. *Id.* at 599. The plaintiff argued that the unavailability of a "knowledge" defense at a hearing to adjudicate the toll fine (which he did not request) would deprive him of a meaningful opportunity to be heard. *Id.* at 601. The Seventh Circuit disagreed because, as strict liability violations are constitutional, a "knowledge" defense would have done the plaintiff no good, and therefore

> the fact that plaintiff could not present a knowledge defense at his hearing [did] not render the hearing meaningless. Due process does not entitle a person to a hearing at which they will succeed. Although the knowledge defense was not available, other defenses were. Thus, plaintiff was not precluded from presenting *any* defense, and the hearing was not meaningless.

*Id.* (citations omitted).

---

[13] Defendant's motion to dismiss advances arguments that appear to mischaracterize Plaintiffs' procedural due process claim. (*See* Mot. at 9–11 (contending the violation notices provide constitutionally adequate notice and violations of state law do not offend due process).) Although a central allegation of Plaintiffs' complaint is that the Ordinance violation notices do not cite the proper municipal code and are therefore void, Plaintiffs' due process claim is not that the notices themselves are constitutionally defective, but rather that the Ordinance *prohibits a defense* that the notices are void, thus depriving Plaintiffs of a meaningful opportunity to be heard. (*See* FAC ¶¶ 77–80; Resp. at 8 ("Lakemoor's action of prohibiting the Plaintiffs from raising that defense violates procedural due process.").)

We agree with Defendant that *Cochran* dispenses with Plaintiffs' procedural due process claim. As in *Cochran*, Plaintiffs here had other defenses available to them under the Ordinance, *see* Lakemoor Mun. Code § 41–1/2.14(C)(6), and Plaintiffs' desired defense—that the violation notices are void for citing the wrong law—would be equally useless, as we have already determined that the notices are not void for the reason Plaintiffs state. If "[d]ue process does not entitle a person to a hearing at which they will succeed," *Cochran*, 828 F.3d at 601, it surely cannot entitle a person to a hearing at which they will invariably lose.

Plaintiffs' application of the Supreme Court's test for procedural due process, announced in *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893 (1976), does not alter this result. (*See* Resp. at 8–9.) Before the government may deprive a person of property, *Mathews* requires the Court to weigh three factors to determine if the procedures afforded were sufficient: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335, 96 S. Ct. at 903; *see also Van Harken v. City of Chi.*, 103 F.3d 1346, 1351 (7th Cir. 1997) (describing *Mathews* test as a cost-benefit analysis). Under *Mathews*' second prong, Plaintiffs argue that they suffer an "absolute 100% risk of . . . erroneous deprivation . . . as the violation notices are void." (Resp. at 9.) Plaintiffs also argue, per *Mathews*' third prong, that Lakemoor would suffer no additional burden by allowing a defense that the violation notices are invalid. (*Id.*)[14]

---

[14] There is no dispute that the first *Mathews* prong, deprivation of Plaintiffs' money, constitutes a private property interest, and should be weighed accordingly. *See Van Harken*, 103 F.3d at 1353 (finding $100 parking violation fine relatively small and remarking that "[t]he less that is at stake, other things being equal, the less process is due"); *Roehl v. City of Naperville*,

Plaintiffs' assessments miss the mark. We have determined as a matter of law that Plaintiffs' objection to the violation notices is unfounded. There is thus *no* risk that the Ordinance would result in erroneously depriving Plaintiffs of property for want of a defense to assert the notices' invalidity, and the purely legal nature of Plaintiffs' desired defense would be of no value were it available. *See Fed. Commc'ns Comm'n v. WJR, The Goodwill Station*, 337 U.S. 265, 276, 69 S. Ct. 1097, 1103 (1949) ("Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised."); *Goldberg*, 397 U.S. 268, 90 S. Ct. 1020 (emphasizing that procedural due process is particularly important in cases, unlike this one, where deprivations turn on "incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases"). Plaintiffs' additional contention—that making an invalidity defense available would come at no cost to Lakemoor—is likewise dubious. Requiring municipal hearing officers to hear an unwinnable defense many times over, only to reject it each time, would likely cost the city more time and money than it is worth. *See, e.g.*, *Van Harken*, 103 F.3d at 1352 (finding it "obvious" that the benefits of police officers appearing at every parking violation hearing "are unlikely to exceed the costs"). Taken together, the *Mathews* factors weigh heavily in favor of upholding the validity of Lakemoor's current procedures. Plaintiffs cannot make the case that their inability to bring a futile defense infringes due process.

Because Plaintiffs fail to state a claim for violation of their procedural due process rights, we dismiss Count I of Plaintiffs' complaint.

---

857 F. Supp. 2d 707, 712–13 (N.D. Ill. 2012) (finding $50.00 fee a valid, if small, property interest in *Mathews* analysis).

## CONCLUSION

For the foregoing reasons, we grant defendant's motion pursuant to Rule 12(b)(6) and

dismiss all counts of Plaintiffs' amended complaint for failure to state a claim.[15]  It is so ordered.

_____
Marvin E. Aspen
United States District Judge


Dated:  December 4, 2018
            Chicago, Illinois

---

[15] As we have dismissed all counts for failure to state a claim, Plaintiffs' motion for class certification is also dismissed as moot.  (Dkt. No. 10; FAC ¶¶ 67–72.)  *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 n.3 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 2289 (2017) (defendant may seek dispositive ruling on the merits prior to class certification); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012) (endorsing district court's ability to "decide a Rule 12(b)(6) motion ahead of class certification"); *see, e.g.*, *Ristic v. Mach. Zone, Inc.*, No. 15 C 8996, 2016 WL 4987943, at *4 (N.D. Ill. Sept. 19, 2016) (dismissing all claims under Rule 12(b)(6) and dismissing motion for class certification as moot).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Brian Knutson, et al.,

Plaintiffs,

v.

Village of Lakemoor,

Defendant.

Case No. 18 C 1804
Judge Marvin E. Aspen

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
and against defendant(s)
in the amount of $    ,

        which ☐ includes     pre–judgment interest.
                   ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐    in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒    other: Case is dismissed.

---

This action was *(check one)*:

☐ tried by a jury with Judge     presiding, and the jury has rendered a verdict.
☐ tried by Judge    without a jury and the above decision was reached.
☒ decided by Judge Marvin E. Aspen on a motion to dismiss.

Date:   12/4/2018                 Thomas G. Bruton, Clerk of Court

                                     Amanda Scherer, Deputy Clerk

APPEAL,COLE,TERMED

# United States District Court
## Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:18–cv–01804
### *Internal Use Only*

Knutson et al v. Village of Lakemoor
Assigned to: Honorable Marvin E. Aspen
Cause: 48:1985 Conspiracy/Deprivation Civil Rights

Date Filed: 03/13/2018
Date Terminated: 12/04/2018
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Brian Knutson**                    represented by **James Joseph Eccleston**
Eccleston Law LLC
55 W Monroe St, Suite 610
Chicago, IL 60603
312 332 0000
Email: jeccleston@ecclestonlaw.com
*ATTORNEY TO BE NOTICED*

**Kenneth Young Hurst**
Roth Fioretti LLC
311 S. Wacker
Suite 2470
Chicago, IL 60606
(312) 922–6262
Email: ken@rothfioretti.com
*ATTORNEY TO BE NOTICED*

**Mark Daniel Roth**
Roth Fioretti LLC
311 S. Wacker
STE 2470
Chicago, IL 60606
(312) 922–6262
Email: markdroth@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Heather Bendl**                    represented by **James Joseph Eccleston**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Young Hurst**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark Daniel Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Village of Lakemoor**              represented by **Dominick L Lanzito**
Peterson Johnson & Murray – Chicago
LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606

312 724–8024
Email: dlanzito@pjmchicago.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Mark Casey**
Peterson, Johnson & Murray Chicago LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
(312)724–8032
Email: kcasey@pjmchicago.com
*ATTORNEY TO BE NOTICED*

**Paul A O'Grady**
Peterson Johnson and Murray Chicago
LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
312 782–7150
Email: pogrady@pjmchicago.com
*ATTORNEY TO BE NOTICED*

**Shantel Iris Perez**
Peterson, Johnson & Murray–chicago, Llc
200 West Adams
Suite 2125
Chicago, IL 60606
(312) 724–8024
Email: sperez@pjmchicago.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2018 | 1 | COMPLAINT filed by Brian KNUTSON, Heather BENDL; Jury Demand. Filing fee $ 400, receipt number 0752–14223226. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D.Part.1, # 5 Exhibit D.Part.2, # 6 Exhibit D.Part.3)(Roth, Mark) (Entered: 03/13/2018) |
| 03/13/2018 | 2 | CIVIL Cover Sheet (Roth, Mark) (Entered: 03/13/2018) |
| 03/13/2018 | 3 | ATTORNEY Appearance for Plaintiffs Heather BENDL, Brian KNUTSON by Mark Daniel Roth (Roth, Mark) (Entered: 03/13/2018) |
| 03/13/2018 | 4 | ATTORNEY Appearance for Plaintiffs Heather BENDL, Brian KNUTSON by Kenneth Young Hurst (Hurst, Kenneth) (Entered: 03/13/2018) |
| 03/13/2018 | | CASE ASSIGNED to the Honorable Marvin E. Aspen. Designated as Magistrate Judge the Honorable Jeffrey Cole. (meg, ) (Entered: 03/13/2018) |
| 03/13/2018 | 5 | ATTORNEY Appearance for Plaintiffs Heather BENDL, Brian KNUTSON by James Joseph Eccleston (Eccleston, James) (Entered: 03/13/2018) |
| 03/13/2018 | 6 | ATTORNEY Appearance for Plaintiffs Heather BENDL, Brian KNUTSON by James Joseph Eccleston (Eccleston, James) (Entered: 03/13/2018) |
| 03/13/2018 | 7 | ATTORNEY Appearance for Plaintiffs Heather BENDL, Brian KNUTSON by James Joseph Eccleston (Eccleston, James) (Entered: 03/13/2018) |
| 03/14/2018 | 8 | ENTERED IN ERROR. (Entered: 03/14/2018) |
| 03/14/2018 | 9 | NOTICE of Correction regarding 8 . (ks, ) (Entered: 03/14/2018) |
| 03/14/2018 | 10 | MOTION by Plaintiffs Heather Bendl, Brian Knutson to certify class (Roth, Mark) (Entered: 03/14/2018) |

| 03/16/2018 | 11 | AFFIDAVIT of Service filed by Plaintiffs Heather Bendl, Brian Knutson regarding Complaint served on Village of Lakemoor on March 15, 2018 (Attachments: # 1 Notice of Filing Affidavit of Service)(Roth, Mark) (Entered: 03/16/2018) |
| --- | --- | --- |
| 04/09/2018 | 12 | MOTION by Plaintiffs Heather Bendl, Brian Knutson for entry of default (Attachments: # 1 Exhibit A)(Roth, Mark) (Entered: 04/09/2018) |
| 04/09/2018 | 13 | NOTICE of Motion by Mark Daniel Roth for presentment of motion for entry of default 12 before Honorable Marvin E. Aspen on 4/19/2018 at 10:30 AM. (Roth, Mark) (Entered: 04/09/2018) |
| 04/12/2018 | 14 | ATTORNEY Appearance for Defendant Village of Lakemoor by Dominick L Lanzito (Lanzito, Dominick) (Entered: 04/12/2018) |
| 04/12/2018 | 15 | ATTORNEY Appearance for Defendant Village of Lakemoor by Shantel Iris Perez (Perez, Shantel) (Entered: 04/12/2018) |
| 04/12/2018 | 16 | ATTORNEY Appearance for Defendant Village of Lakemoor by Kevin Mark Casey (Casey, Kevin) (Entered: 04/12/2018) |
| 04/12/2018 | 17 | MOTION by Defendant Village of Lakemoor to vacate *Any and All Defaults and for Extension of Time to Answer* (Lanzito, Dominick) (Entered: 04/12/2018) |
| 04/12/2018 | 18 | NOTICE of Motion by Dominick L Lanzito for presentment of motion to vacate 17 before Honorable Marvin E. Aspen on 4/19/2018 at 10:30 AM. (Lanzito, Dominick) (Entered: 04/12/2018) |
| 04/13/2018 | 19 | ATTORNEY Appearance for Defendant Village of Lakemoor by Paul A O'Grady (O'Grady, Paul) (Entered: 04/13/2018) |
| 04/18/2018 | 20 | MINUTE entry before the Honorable Marvin E. Aspen:Defendant's motion to vacate any and all defaults and for an extension of time to 5/15/2018 to answer or otherwise plead 17 is granted. Plaintiffs' motion for default 12 is denied. Motions are stricken from the Court's call of 4/19/2018. Status hearing is set for 6/7/2018 at 10:30 AM.Mailed notice (mad, ) (Entered: 04/18/2018) |
| 05/15/2018 | 21 | MOTION by Defendant Village of Lakemoor to dismiss *Plaintiffs Class Action Complaint* (Lanzito, Dominick) (Entered: 05/15/2018) |
| 05/15/2018 | 22 | NOTICE of Motion by Dominick L Lanzito for presentment of motion to dismiss 21 before Honorable Marvin E. Aspen on 6/7/2018 at 10:30 AM. (Lanzito, Dominick) (Entered: 05/15/2018) |
| 05/21/2018 | 23 | MINUTE entry before the Honorable Marvin E. Aspen:Plaintiffs' response to defendant's motion to dismiss class action complaint 21 due by 6/22/2018; defendant's reply due by 7/6/2018. Motion is stricken from the Court's call of 6/7/2018. Status hearing of 6/7/2018 is reset to 8/23/2018 at 10:30 AM.Mailed notice (mad, ) (Entered: 05/21/2018) |
| 06/01/2018 | 24 | *First* AMENDED complaint by Brian Knutson, Heather Bendl against Village of Lakemoor (Attachments: # 1 Notice of Filing First Amended Complaint, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D Part 1, # 6 Exhibit D Part 2, # 7 Exhibit D Part 3)(Roth, Mark) (Entered: 06/01/2018) |
| 06/13/2018 | 25 | MOTION by Defendant Village of Lakemoor to dismiss *Plaintiff's First Amended Class Action Complaint* (Lanzito, Dominick) (Entered: 06/13/2018) |
| 06/13/2018 | 26 | NOTICE of Motion by Dominick L Lanzito for presentment of motion to dismiss 25 before Honorable Marvin E. Aspen on 6/28/2018 at 10:30 AM. (Lanzito, Dominick) (Entered: 06/13/2018) |
| 06/25/2018 | 27 | MINUTE entry before the Honorable Marvin E. Aspen: Plaintiffs' response to defendant's motion to dismiss plaintiffs' first amended class action complaint 25 is due by 7/25/2018; defendant's reply is due by 8/8/2018. Motion is stricken from the Court's call of 6/28/2018. Defendant's motion to dismiss original complaint 21 is moot. Status hearing of 8/23/2018 is reset for 9/20/2018 at 10:30 AM.Mailed notice (mad, ) (Entered: 06/25/2018) |

| 07/25/2018 | 28 | RESPONSE by Heather Bendl, Brian Knutson to MOTION by Defendant Village of Lakemoor to dismiss *Plaintiff's First Amended Class Action Complaint* 25 (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2, # 3 Exhibit A Part 3, # 4 Exhibit A Part 4, # 5 Exhibit B, # 6 Exhibit C, # 7 Notice of Filing)(Roth, Mark) (Entered: 07/25/2018) |
|---|---|---|
| 08/08/2018 | 29 | REPLY by Defendant Village of Lakemoor to motion to dismiss 25 *Plaintiffs First Amended Class Action Complaint* (Lanzito, Dominick) (Entered: 08/08/2018) |
| 08/08/2018 | 30 | NOTICE by Village of Lakemoor re reply 29 *In Support of Their Motion To Dismiss Plaintiffs First Amended Class Action Complaint* (Lanzito, Dominick) (Entered: 08/08/2018) |
| 08/29/2018 | 31 | MINUTE entry before the Honorable Marvin E. Aspen: At the Court's instance, the status hearing set for 9/20/2018 is stricken and reset to 11/8/2018 at 10:30 a.m. Mailed notice (ags, ) (Entered: 08/29/2018) |
| 10/29/2018 | 32 | MINUTE entry before the Honorable Marvin E. Aspen: At the Court's instance, the status hearing set for 11/8/2018 is stricken and reset to 12/13/2018 at 10:30 a.m. Mailed notice (ags, ) (Entered: 10/29/2018) |
| 12/04/2018 | 33 | MEMORANDUM OPINION and ORDER: For the foregoing reasons, we grant defendant's motion to dismiss 25 pursuant to Rule 12(b)(6) and dismiss all counts of Plaintiffs' amended complaint for failure to state a claim. Civil case terminated. Signed by the Honorable Marvin E. Aspen on 12/4/2018. Mailed notice (ags, ) (Entered: 12/04/2018) |
| 12/04/2018 | 34 | ENTERED JUDGMENT. Mailed notice (ags, ) (Entered: 12/04/2018) |
| 12/27/2018 | 35 | NOTICE of appeal by Heather Bendl, Brian Knutson regarding orders 33 , 34 Filing fee $ 505, receipt number 0752–15317607. Receipt number: n (Roth, Mark) (Entered: 12/27/2018) |
| 12/27/2018 | 36 | DOCKETING Statement by Heather Bendl, Brian Knutson regarding notice of appeal 35 (Roth, Mark) (Entered: 12/27/2018) |
| 12/28/2018 | 37 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 35 . (lf, ) (Entered: 12/28/2018) |